Commonwealth *v.* Hoffman, Appellant (No. 1).

Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Richard U. T. Hoffman*, petitioner, in propria persona.

*John B. Fowler, III*, Assistant District Attorney, and *Richard C. Snelbaker*, District Attorney, for Commonwealth, respondent.

OPINION PER CURIAM, July 14, 1967:

Richard U. T. Hoffman filed a petition on May 27, 1966 under the Post Conviction Hearing Act in the Court of Oyer and Terminer of Cumberland County. In his petition, Hoffman stated, inter alia, that he was financially unable to employ an attorney to represent him in post-conviction proceedings and requested ap-

pointment of counsel for that purpose. Notwithstanding this and despite §12 of the Post Conviction Hearing Act: "If the petitioner is without counsel and alleges that he is without means to procure counsel, he shall state whether or not he wishes counsel to be appointed to represent him. If appointment of counsel is so requested, the court shall appoint counsel if satisfied that the petitioner has no means to procure counsel." Act of January 25, 1966, P. L. (1965) 1580, §12, 19 P.S. §1180-12 (Supp. 1966), the court of oyer and terminer proceeded to consider and dismiss Hoffman's petition without appointing counsel or finding that Hoffman had means to procure his own counsel. The Superior Court, with Judge MONTGOMERY dissenting, affirmed this dismissal, *Commonwealth v. Hoffman,* 209 Pa. Superior Ct. 736, 226 A. 2d 209 (1967) (per curiam) and the instant petition for allowance of appeal was brought.

Since there is no suggestion in this record that Hoffman had means to employ an attorney in the post-conviction proceeding,* the failure of the court of oyer and terminer to appoint one to represent him was clear error. Therefore, without reaching the merits of Hoffman's petition and without reaching the question of whether Hoffman is entitled to an evidentiary hearing on his petition, we reverse the Superior Court and vacate the order of the court of oyer and terminer so that an attorney may be appointed to represent Hoffman in the court of oyer and terminer.

The petition for allocatur is granted. The order of the Superior Court is reversed. The order of the Court of Oyer and Terminer of Cumberland County is vacated and the record remanded to that court with instruc-

---

* Indeed, the court of oyer and terminer permitted the petitioner to proceed in forma pauperis. Hence there can be little doubt that it was satisfied that he had no means to procure counsel.

tions to appoint counsel to represent Richard Hoffman in a post-conviction proceeding at which Hoffman's eligibility for an evidentiary hearing and/or other relief may be determined.