## Commonwealth *v.* Richardson, Appellant.

Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused October 3, 1967.

*Lorenzo Richardson,* petitioner, in propria persona.

*Welsh S. White* and *Alan J. Davis,* Assistant District Attorneys, and *Arlen Specter,* District Attorney, for Commonwealth, respondent.

OPINION PER CURIAM, August 8, 1967:

On May 17, 1966 Lorenzo Richardson filed a petition under the Post Conviction Hearing Act in the Court of Quarter Sessions of Philadelphia County. Richardson requested the appointment of counsel to represent him in the proceeding, but his request was not granted even though the court of quarter sessions did not find that he had means to procure his own counsel. Thereafter, Richardson's petition was dismissed on the merits by that court and the Superior Court affirmed. *Commonwealth v. Richardson,* 209 Pa. Superior Ct. 740 (Case No. 1), 226 A. 2d 211 (1967) (per curiam). This is a petition for allowance of appeal from the Superior Court's order.

For the reasons outlined in our opinion in *Commonwealth v. Hoffman (No. 1),* 426 Pa. 226, 232 A. 2d 623 (per curiam), we reverse the order of the Superior Court, vacate the order of the court of quarter sessions and remand the record to that court for appointment of counsel in compliance with §12 of the Post Conviction Hearing Act of 1966, P. L. (1965) 1580, §12, 19 P.S. §1180-12 (Supp. 1966). As was the case in *Hoffman,* we do not reach the merits of the instant petition or the question of whether Richardson is entitled to an evidentiary hearing on his post-conviction petition.

The petition for allocatur is granted. The order of the Superior Court is reversed. The order of the Court of Quarter Sessions of Philadelphia County is vacated

and the record remanded to that court with instructions to appoint counsel to represent Lorenzo Richardson in a post-conviction proceeding at which his eligibility for an evidentiary hearing and/or other relief may be determined.