## Commonwealth *v.* Spencer, Appellant.

Submitted June 12, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Nathaniel R. Spencer,* appellant, in propria persona.

*Welsh S. White* and *Alan J. Davis,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 15, 1967:

This is an appeal from the dismissal, without hearing, of a petition for post-conviction relief.

Petitioner was convicted, after jury trial, of aggravated robbery, and received a sentence of 20 to 40 years.

In his post-conviction petition he alleges, inter alia, that: "My court appointed attorney refused to appeal unless I paid him $750.00." He further avers: "The court below not only failed to furnish the defendant,

an indigent person with competent counsel to appeal the unjust and unlawful conviction but failed also to inform appellant of his right to appeal." The District Attorney does not deny these allegations but suggests, instead, that petitioner is protesting the denial of counsel in this post-conviction proceeding and the appeal therefrom.[1] We do not so read the petition.

It is settled that, absent a waiver, an indigent defendant is entitled to the appointment of counsel to prosecute his appeal. *Commonwealth ex rel. Robinson v. Myers,* 420 Pa. 72, 215 A. 2d 637 (1966). Appellant alleges that he was denied counsel on direct appeal, that counsel, in effect, refused to take an appeal, except at prohibitive cost. This averment raises an issue of fact which requires a hearing. The nature of the inquiry to be made is set forth at length in *Commonwealth ex rel. Stevens v. Myers,* 419 Pa. 1, 22, 213 A. 2d 613 (1965).

The order of the court below is vacated, and the record is remanded to that court for hearing. If the court should determine that there was no violation of petitioner's constitutional rights, the petition should be dismissed. If, on the other hand, the court should find that petitioner was deprived of his right to the assistance of counsel or appeal, it should enter an order to that effect, appointing counsel for petitioner. On motion of appointed counsel, this Court will permit the docketing of an appeal from judgment of sentence, as if timely filed.

---

[1] On this point, see *Commonwealth v. Hoffman (No. 1),* 426 Pa. 226, 232 A. 2d 623 (decided July 14, 1967).