212 Pa. Superior Ct. 206 (1968)
Commonwealth
v.
Hoffman, Appellant.
Superior Court of Pennsylvania.
Submitted March 11, 1968.
April 5, 1968.
Before WRIGHT, P.J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.
Richard U.T. Hoffman, appellant, in propria persona.
Jerome T. Foerster, Assistant District Attorney, LeRoy S. Zimmerman, District Attorney, for Commonwealth, appellee.
OPINION PER CURIAM, April 5, 1968:
Order affirmed.
DISSENTING OPINION BY SPAULDING, J.:
In addition to several contentions regarding the merits, petitioner alleges that he is entitled to counsel to aid him in prosecuting this appeal from the dismissal without hearing of his Post Conviction Hearing *207 Act petition[1] by the court below. This court today dismisses that contention. I disagree.
In my judgment such a guarantee of counsel is implicit in Commonwealth v. Hoffman, 426 Pa. 226, 232 A. 2d 623 (1967) (per curiam), and Commonwealth v. Richardson, 426 Pa. 419, 233 A. 2d 183 (1967) (per curiam), which hold such appointment mandatory "in a post-conviction proceeding" on a request by petitioner supported by proof that he lacks the means to procure counsel.
In the instant case, the court below properly appointed counsel for petitioner at the initial proceedings but failed to insure counsel's assistance for the subsequent appeal. Although both Hoffman and Richardson specifically concern counsel at the initial stage of the post-conviction procedure,[2] they do direct that counsel be appointed contemporaneously with the filing of a petition containing a request for such appointment. I fail to see how that right can be held to expire after the disposition of the claim by the court below, *208 since the appeal is an absolute matter of right[3] whereas the initial hearing is appropriately granted only when the petition is not "patently frivolous."[4]
I would remand the record to the court below for the appointment of counsel in the appeal from the proceedings therein.[5]
HOFFMAN and HANNUM, JJ., join in this dissenting opinion.
NOTES
[1] Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. § 1180-1 et seq. (Supp.)
[2] Cf. Commonwealth v. Johnson, 428 Pa. 210, 236 A. 2d 805 (1968), in which the court compares the constitutional standard regarding the right to counsel as announced in Gideon v. Wainwright, 372 U.S. 335 (1963), with that statutory guarantee established by the Hoffman and Richardson cases, supra. By parity of reasoning, the counsel guarantee of Hoffman and Richardson, albeit statutorily based, must be read as coextensive with that of Gideon, encompassing both the initial factual determination as well as subsequent appeals. Johnson also makes clear that the guarantee of counsel to which it speaks concerns the initial post-conviction proceeding, but does not attempt to imply the same guarantee to any subsequent petitions.

It is interesting to note that the new Rules of Criminal Procedure, effective August 1, 1968, mandate that an appointment of counsel "shall be effective until final judgment, including any proceedings upon appeal from a denial of collateral relief." Rule 1503.
[3] Post Conviction Hearing Act, 19 P.S. § 1180-11 (Supp.).
[4] Id., § 1180-9.
[5] It would also seem appropriate to graft the provisions of Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967), onto the statutory post-conviction procedure of Pennsylvania, so that the same process necessary for counsel to follow in order to withdraw from what he considers to be a completely frivolous direct appeal is likewise applicable to appeals under the Post Conviction Hearing Act. See Commonwealth v. Baker, 429 Pa. 209, 239 A. 2d 201 (1968).