Commonwealth *v.* Jones, Appellant.

Submitted June 16, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Calvin S. Drayer, Jr.,* Assistant Public Defender, for appellant.

*Stewart J. Greenleaf* and *J. David Bean,* Assistant District Attorneys, *William T. Nicholas,* First Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., September 22, 1975:

Appellant filed a petition under the Post Conviction Hearing Act,[1] in which he attempted to raise several issues concerning his parole violation hearing. In such petition he also stated that he was without financial resources; and, he therefore requested appointment of counsel. The petition was dismissed without a hearing and counsel was not appointed.

The law in Pennsylvania clearly states that dismissal of a PCHA petition, without appointing counsel, is permitted *only* when a previous PCHA petition involving the same issue or issues has been finally determined adversely to the petitioner and petitioner was represented by counsel in the proceeding relating to such previous PCHA peti-

---

1. Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. §1180-1 et seq. (Supp. 1975). Hereinafter referred to as the PCHA.

tion. See Pa. R. Crim. P., Rules 1503, 1504; *Commonwealth v. Schmidt*, 436 Pa. 139 (1969) ; *Commonwealth v. Mitchell*, 427 Pa. 395 (1967); *Commonwealth v. Richardson*, 426 Pa. 419 (1967) ; and, *Commonwealth v. Hoffman*, 426 Pa. 226 (1967). Since the petition in question is appellant's first PCHA petition the lower court had no choice but to appoint counsel.

Accordingly this case is remanded with instructions to appoint counsel to aid appellant in the preparation of his PCHA petition and in any proceedings relating thereto.