380 A.2d 459

COMMONWEALTH of Pennsylvania

v.

Joseph E. BOSTIC, Jr., Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 22, 1976.

Decided Dec. 2, 1977.

Joseph E. Bostic, Jr., in pro. per.

Robert D. Baldi, Assistant Public Defender, Doylestown, for appellant.

Kenneth G. Biehn, District Attorney, Doylestown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

VAN der VOORT, Judge:

The present appeal is that taken from the order of the lower court denying the appellant's petition for relief under the Post-Conviction Hearing Act.[1] Appellant had previously appealed his convictions of armed robbery, burglary, larceny, conspiracy and commission of a crime of violence with a firearm to this court which appeal resulted in a per curiam order affirming the judgment of sentence of the lower court, 231 Pa.Super. 727, 326 A.2d 531 (1974). In his P.C. H.A. petition filed pro se, appellant raised several issues, however, in this appeal he concedes that four of the five issues raised in his post-conviction petition had been raised in his previous appeal. Consequently those issues were disposed of by the per curiam order of this Court filed October 31, 1974 affirming the judgment of sentence. The primary issue appellant proffers in this appeal is that he is being punished twice for a single criminal act in violation of his state and federal constitutional right against double jeopardy. Additionally he argues that he has not waived his right to present that issue and it was error for the lower court to dismiss his post-conviction petition for relief without a hearing and without first appointing counsel to represent him.

In order to properly confront the issues raised by the appellant, it will be necessary to discuss them out of the order in which they were presented above.

1. Act of January 25, 1966, P.L. (1965) 1580, § 1 et seq., 19 P.S. § 1180–1 et seq. (Supp.1974).

The logical place to begin is with the issue concerning whether or not the lower court erred in not holding a hearing on his petition and not appointing counsel to represent him.

Appellant filed a petition for leave to proceed in forma pauperis and for appointment of counsel due to his indigency at the same time he filed his P.C.H.A. petition. By order dated July 6, 1976, the lower court denied appellant's P.C. H.A. petition without a hearing or appointing counsel on the basis that it was "patently frivolous, totally devoid of merit and without a trace of support in the record".

Initially we must examine the Post-Conviction Hearing Act in order to determine if there is any statutory authority for a lower court to dismiss a P.C.H.A. petition without a hearing. Section 12 of the act states:

§ 1180–12.  Pauper petitions

If the petition alleges that the petitioner is unable to pay the costs of the proceeding, the court may order that the petitioner be permitted to proceed as a poor person and order a transcript of the proceedings delivered to the petitioner. If the petitioner is without counsel and alleges that he is without means to procure counsel, he shall state whether or not he wishes counsel to be appointed to represent him. If appointment of counsel is so requested and the court is of the opinion that a hearing on the petition is required, the court shall appoint counsel if satisfied that the petitioner has no means to procure counsel. The appointment of counsel shall not be required if the petitioner's claim is patently frivolous and without trace of support in the record as provided by section 9 of the act. 1966, Jan. 25, P.L. (1965) 1580, § 12, as amended 1968, July 31, P.L. 917, No. 275, § 1.

The above quoted section clearly gives the lower court discretion in the appointment of counsel where it determines that the allegations in the petition are without merit. This discretion is also provided for in section 9 of the act.

§ 1180–9. Hearings

·If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner. The court may also deny a hearing on a specific question of fact when a full and fair evidentiary hearing upon that question was held at the original trial or at any later proceeding. 1966, Jan. 25, P.L. (1965) 1580, § 9, effective March 1, 1966.

However, Rule 1503 of the Pennsylvania Rules of Criminal Procedure [2] requires that when a petitioner is without counsel and satisfies the court that he is unable to procure counsel, the court must appoint counsel to represent him. ' The only exception to this requirement is found in Pa.R. Crim.P. 1504 where it states that the appointment of counsel is not necessary and the petition may be disposed of summarily when a previous petition filed by the petitioner with the assistance of counsel alleges the same issues and those issues were determined adversely to the petitioner.

This is appellant's first petition under the Post-Conviction Hearing Act and he has made a specific request for the appointment of counsel to assist him in his efforts under the Act. In conformity with the Pa.R.Crim.P., the Pennsylvania Supreme Court has held on numerous occasions that where a petitioner is indigent and he makes a specific request for counsel the court must appoint counsel to represent him. See Commonwealth v. Fiero, 462 Pa. 409, 341 A.2d 448 (1975); Commonwealth v. Minnick, 436 Pa. 42, 258 A.2d 515 (1969); Commonwealth v. Mitchell, 427 Pa. 395, 235 A.2d 148 (1967).[3] In Mitchell, supra, the court stated 427 Pa. at 396, 235 A.2d at 149:

2. Adopted January 24, 1968. Effective August 1, 1968.

3. Commonwealth v. Mitchell, supra, was decided on November 14, 1967. At that time section 12 of the P.C.H.A. act made no provision for not appointing counsel where petitioner's claim was frivolous and without a trace of support in the record. Thereafter Pa.R.Crim.P.

*Commonwealth v. Hoffman*, 426 Pa. 226, 232 A.2d 623 (1967) (per curiam) and *Commonwealth v. Richardson*, 426 Pa. 419, 233 A.2d 183 (1967) (per curiam) clearly held that § 12 of the Post-Conviction Hearing Act imposes a mandatory requirement upon the trial court to appoint counsel for an indigent post-conviction petitioner.

On the basis of the above cited cases and the Rules of Court, the order of the lower court is vacated and the case is remanded to that court with instruction to appoint counsel to represent appellant in the filing of an amended post-conviction petition in the event that appellant and his counsel desire to file an amended petition and in any further proceedings thereon.

It is so ordered.

1503, which became effective August 1, 1968, was promulgated by the Supreme Court. Rule 1503 required that counsel be appointed upon application of a petitioner who was unable to procure counsel. Section 12 of the act was then amended effective September 29, 1968, see 46 P.S. § 504, to provide the counsel need not be appointed where petitioner's claim was patently frivolous and without trace of support on the record. Thus an inconsistency was created between Rule 1503 and Section 12 as amended by the act. This inconsistency is resolved by Article V, Section 10 of the Pennsylvania Constitution which provides that all laws shall be suspended insofar as they are inconsistent with the rules prescribed by the Supreme Court. Furthermore, the holding of *Commonwealth v. Mitchell, supra*, has been followed in *Commonwealth v. Blair*, 470 Pa. 598, 369 A.2d 1153 (1977) and *Commonwealth v. Fiero*, 462 Pa. 409, 341 A.2d 448 (1975).