198

380 A.2d 446

COMMONWEALTH of Pennsylvania

v.

Charles Edward SMITH, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 6, 1976.

Decided Dec. 2, 1977.

Edward F. Browne, Jr., Assistant Public Defender, Lancaster, for appellant.

D. Richard Eckman, District Attorney, Lancaster, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

On October 24, 1974, appellant entered guilty pleas to one count of burglary,[1] two counts of theft[2] and one count of possessing instruments of crime.[3] Appellant was sentenced as follows: a fine of $100.00 and imprisonment for a two and a half to five year term on the burglary conviction, two concurrent five year terms of probation on the theft convictions, and a concurrent one year term of probation on the possession of instruments of crime conviction. No direct appeal was taken. On June 10, 1976, appellant filed a *pro se* petition under the Post Conviction Hearing Act.[4] An answer was filed, and on June 23, 1976, the lower court dismissed appellant's petition without a hearing.

The court below based its action on the ground that "[a] petition under this Act which is silent as to a factual basis for the allegation and which consists only of legal conclusions may be dismissed without a hearing." It is clear that the lower court's dismissal of appellant's *pro se* petition on this basis was improper. The Supreme Court of Pennsylvania encountered a situation similar to the instant case in *Commonwealth v. Fiero*, 462 Pa. 409, 412–13, 341 A.2d 448, 449–50 (1975). The court stated:

1. 18 Pa.C.S. § 3502.

2. 18 Pa.C.S. § 3921.

3. 18 Pa.C.S. § 907.

4. Act of January 25, 1966, P.L. (1965) 1580, § 1 (19 P.S. § 1180–1 (Supp.1977–78)) *et seq.*

[I]n this jurisdiction a first post-conviction hearing petition should not be dismissed where the petitioner is indigent and has requested counsel, without affording him representation in that proceeding, *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975); *Commonwealth v. Mitchell*, 427 Pa. 395, 235 A.2d 148 (1967); *Commonwealth v. Richardson*, 426 Pa. 419, 233 A.2d 183 (1967); *Commonwealth v. Hoffman*, 426 Pa. 226, 232 A.2d 623 (1967); Pa.R.Crim.P. 1504, 19 P.S. Appendix. These considerations were explored in *Commonwealth v. Mitchell, supra*, where we stated:

"We pause to note that the mandatory appointment requirement is a salutary one and best comports with efficient judicial administration and serious consideration of a prisoner's claims. Counsel's ability to frame the issues in a legally meaningful fashion insures the trial court that all relevant considerations will be brought to its attention. As recognized by the American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Post-Conviction Remedies § 4.4, at 66 (1967) [approved draft 1968]: 'It is a waste of valuable judicial manpower and an inefficient method of seriously treating the substantive merits of applications for post-conviction relief to proceed without counsel for the applicants who have filed *pro se* . . . . Exploration of the legal grounds for complaint, investigation of the underlying facts, and more articulate statement of claims are functions of an advocate that are inappropriate for a judge, or his staff.'" (Citations omitted). *Id.* at 148.

Clearly this rule is not limited to the mere naming of an attorney to represent an accused, but also envisions that counsel so appointed shall have the opportunity and in fact discharge the responsibilities required by his representation.

A review of this record reveals that the first petition was filed pro se and that after counsel's appointment there was no attempt to file an amended petition. Further, the petition was dismissed without an evidentiary

hearing and the record is barren of any indication of oral argument before that decision was rendered or that counsel filed a brief to set forth the legal principles upon which his client relied. These facts compel the conclusion that the proceeding was in fact uncounseled. Under such circumstances the mandate of section 12 of the Post-Conviction Hearing Act as interpreted by this Court has not been met. *See, Commonwealth v. Mitchell, supra* ; Pa.R. Crim.P. 1503, 1504.

In this case the lower court, pursuant to the petitioner's request, appointed counsel to assist him. As in *Commonwealth v. Fiero, supra*, however, no amended petition was filed nor does the record reflect any attempt to amend the petition. The lower court's decision to deny appellant's petition was made without the benefit of oral argument or a brief from appointed counsel. Comparing these circumstances to the virtually identical facts of *Commonwealth v. Fiero, supra*, we conclude that the petitioner was without representation in the proceeding below.

The order of the court below is vacated and the matter is remanded to that court for the appointment of counsel to assist appellant in the filing of an amended post-conviction petition and in any further proceedings thereon.