430 A.2d 291
**COMMONWEALTH of Pennsylvania,**
v.
**William J. HINES, Appellant.**
Superior Court of Pennsylvania.
Submitted Nov. 14, 1980.
Filed May 22, 1981.

Donald Calaiaro, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before PRICE, DiSALLE and MONTEMURO, JJ.

MONTEMURO, Judge:

This an appeal from the denial without hearing of two petitions filed under the Post-Conviction Hearing Act.[1]

---

1. Act of January 25, 1966, P.L. (1965) 1580, Sec. 1 et seq., eff. March 1, 1966, 19 P.S. Sec. 1180–1 et seq. (Supp.1974–75).

William J. Hines was found guilty in a non-jury trial of two violations of the Controlled Substance, Drug, Device and Cosmetic Act: Possession [2] and Possession with Intent to Deliver.[3] Appellant filed timely motions for new trial and in arrest of judgment. After hearing, the motions were denied. On June 6, 1978 appellant was sentenced on the Possession with Intent to Deliver charge to a term of one (1) to ten (10) years.[4] The term of sentence was to be consecutive to any sentence appellant was then serving or waiting to serve. The appellant failed to file a direct appeal.

On October 6, 1978, appellant filed a Post-Conviction Hearing Act petition in propria persona alleging several grounds for relief.

On October 23, 1978, the court below appointed the Voluntary Defender to represent appellant and issued a Rule on the Commonwealth returnable November 17, 1978 to show cause why a hearing should not be granted.

On January 12, 1979, appellant's pro se P.C.H.A petition was dismissed without hearing.

On January 26, 1979, appellant filed a pro se Motion to Amend his pro se P.C.H.A. petition. Appellant claimed that he received notice of the lower court's dismissal order two hours after he filed his Motion to Amend. For the purpose of this appeal, we will treat the Motion to Amend, as does the Commonwealth in its appellate brief, as appellant's second P.C.H.A. petition.

2. 35 P.S. Sec. 780–113(a)(16).

3. 35 P.S. Sec. 780–113(a)(30).

4. We note that although the trial judge was the Honorable Charles G. Webb, Senior Judge, 4th Judicial District, Specially Presiding, the sentencing judge was the Honorable Robert E. Dauer. Since we are not able to tell from the record whether extraordinary circumstances precluded Judge Webb from presiding at the sentencing hearing, it would appear that there has been a violation of Pa.R.Crim.P. 1401(a). Further, a reading of the sentencing transcript clearly shows that Pa.R.Crim.P. 1405(b) was violated in that the sentencing judge did not state on the record the reasons for the sentence imposed. See also *Commonwealth v. Riggins*, 474 Pa. 115, 337 A.2d 140 (1977).

The court below based its action on the ground that the claims set forth in appellant's pro se P.C.H.A. petition had already been litigated and decided adversely to him.[5] The lower court's dismissal of appellant's pro se petition on this basis was improper.

The Supreme Court of Pennsylvania encountered a situation similar to this case in *Commonwealth v. Fiero*, 462 Pa. 409, 412–413, 341 A.2d 448, 449–50 (1975). The court stated:

"Moreover, in this jurisdiction a first post-conviction hearing petition should not be dismissed where the petitioner is indigent and has requested counsel, without affording him representation in that proceeding, *Commonwealth v. Blair*, 463 Pa. 383, 344 A.2d 884 (1975); *Commonwealth v. Mitchell*, 427 Pa. 395, 235 A.2d 148 (1967); *Commonwealth v. Richardson*, 426 Pa. 419, 233 A.2d 183 (1967); *Commonwealth v. Hoffman*, 426 Pa. 226, 232 A.2d 623 (1967); Pa.R.Crim.P. 1504, 19 P. S. Appendix. These considerations were explored in *Commonwealth v. Mitchell*, supra, where we stated:

'We pause to note that the mandatory appointment requirement is a salutary one and best comports with efficient judicial administration and serious consideration of a prisoner's claims. Counsel's ability to frame the issues in a legally meaningful fashion insures the trial court that all relevant considerations will be brought to its attention. As recognized by the American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Post-Conviction Remedies § 4.4 at 66 (1967) [approved draft 1968]: "it is a waste of valuable judicial manpower and an inefficient method of seriously treating the substantive merits of applications for post-conviction relief to proceed without counsel for the applicants who have filed pro se .... Exploration of the legal grounds for complaint, investigation of the underlying facts, and more articu-

5. The court below did not discuss its reasons for dismissing without hearing appellant's first pro se P.C.H.A. petition which raised claims of deprivation of due process rights and newly found exculpating evidence.

late statements of claims are functions of an advocate that are inappropriate for a judge, or his staff." ' (Citations omitted). Id., 427 Pa. 395, 235 A.2d at 148.

"Clearly this rule is not limited to the mere naming of an attorney to represent an accused, but also envisions that counsel so appointed shall have the opportunity and in fact discharge the responsibilities required by his representation.

A review of this record reveals that the first petition was filed pro se and that after counsel's appointment there was no attempt to file an amended petition. Further, the petition was dismissed without an evidentiary hearing and the record is barren of any indication of oral argument before that decision was rendered or that counsel filed a brief to set forth the legal principles upon which his client relied. These facts compel the conclusion that the proceeding was in fact uncounseled. Under such circumstances the mandate of Section 12 of the Post-Conviction Hearing Act as interpreted by this Court has not been met. See, *Commonwealth v. Mitchell,* supra; Pa.R. Crim.P. 1503, 1504."

In this case, even though the court below appointed counsel, issued a Rule to Show Cause on the Commonwealth and fixed a return date for hearing on the Rule, no amended petition was filed (other than the second pro se P.C.H.A. petition). In both the first and second pro se P.C.H.A. petitions, it is clear from the record that the lower court's decision to dismiss appellant's pro se petitions was made without the benefit of appointed counsel or a brief from appointed counsel.

The orders of the court below are vacated and the matter is remanded to that court with instructions to appoint counsel to represent appellant in the filing of an amended P.C.H.A. petition and any further proceedings thereon. Further, this case is remanded for resentencing in accordance with the Pennsylvania Rules of Criminal Procedure.[6]

6. See Footnote No. 4 Supra.