THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JEROME ROSS, a/k/a Donald Baske, Defendant-Appellant.

First District (1st Division) No. 84—2252

Opinion filed December 30, 1985.

Steven Clark and Michael J. Pelletier, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Inge Fryklund, and Joel Leighton, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

Defendant, Jerome Ross, also known as Donald Baske, appeals

from the circuit court's dismissal of his *pro se* petition for post-conviction relief filed pursuant to section 122—4 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 122—4). For the reasons set forth below, we affirm the dismissal.

Defendant was convicted by a jury of burglary (Ill. Rev. Stat. 1983, ch. 38, par. 19—1) and sentenced to an extended term of 14 years in the Illinois Department of Corrections. Defendant's conviction and sentence were affirmed by this court on direct appeal (*People v. Baske* (1984), 122 Ill. App. 3d 1155) in an unpublished order pursuant to Supreme Court Rule 23 (87 Ill. 2d R. 23). On December 12, 1983, defendant filed his *pro se* post-conviction petition alleging he was denied his right to due process of law because the judge who imposed the extended-term sentence of 14 years failed "to explain the extended term to him, the consequences, and inform him to whether or not he qualified to be sentenced to an extended term." Defendant also stated in his petition that he was indigent and requested that counsel be appointed to represent him.

On February 16, 1983, the trial court dismissed defendant's petition as without merit pursuant to section 122—2.1 of the Code of Criminal Procedure of 1963. (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—2.1.) Defendant appeals from the dismissal of his petition. In this appeal, defendant does not challenge the trial court's conclusion that his petition was without merit. Rather, he argues only that section 122—2.1 is unconstitutional because it allows the dismissal of post-conviction petitions which are deemed to be without merit prior to the appointment of counsel. Defendant has advanced the following three grounds in support of his argument that section 122—2.1 is unconstitutional: (1) section 122—2.1 conflicts with Supreme Court Rule 651(c) (87 Ill. 2d R. 651(c)) and, therefore, violates the separation of powers doctrine; (2) section 122—2.1 violates the equal protection doctrine; and (3) section 122—2.1 fails to comport with due process requirements.

I

■ We will initially address defendant's argument that section 122—2.1 conflicts with Supreme Court Rule 651(c), as amended November 30, 1984, effective December 1, 1984, and, therefore, violates the constitution's mandate of a separation of powers. Defendant asserts that Rule 651(c) indicates that counsel shall be provided for all indigent post-conviction petitioners, while section 122—2.1 permits the trial court to dismiss certain petitions summarily prior to the appointment of counsel.

We find no conflict existing between the two provisions. Section 122—2.1 establishes the following review procedure for post-conviction petitions:

"Dismissal order—Docketing—Examination of file of conviction proceedings.

(a) Within 30 days after the filing and docketing of each petition, the court shall examine such petition and enter an order thereon pursuant to this Section. If the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order specifying the findings of fact and conclusions of law it made in reaching its decision. Such order of dismissal is a final judgment and shall be served upon the petitioner by certified mail within 10 days of its entry.

(b) If the petition is not dismissed pursuant to this Section, the court shall order the petition to be docketed for further consideration in accordance with Sections 122—4 through 122—6." (Ill. Rev. Stat. 1983, ch. 38, pars. 122—2.1(a), (b).)

Rule 651(c) provides as follows:

"Appeals in Post-Convictions Proceedings.

\* \* \*

(c) Record for Indigents; Appointment of Counsel. Upon the timely filing of a notice of appeal in a post-conviction proceeding, if the trial court determines that the petitioner is indigent, it shall order that a transcript of the record of the post-conviction proceedings, including a transcript of the evidence, if any, be prepared and filed with the clerk of the court to which the appeal is taken and shall appoint counsel on appeal, both without cost to the petitioner. The record filed in that court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional right, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." (Supreme Court Rule 651(c), as amended (Nov. 30, 1983, eff. Dec. 1, 1984.)

It is apparent that the above provisions are intended to deal with different stages of the post-conviction process; section 122—2.1 pertains to the trial level, while Rule 651(c) concerns appellate procedure. Contrary to defendant's assertion, the language of Rule 651(c) does

not require that counsel is to be provided for all indigent post-conviction petitioners at the trial level.

The foregoing distinction between the two provisions in question was recently recognized by this court in *People v. Baugh* (1985), 132 Ill. App. 3d 713, 477 N.E.2d 724, where we rejected an argument virtually identical to the one now raised here by defendant. There, it was specifically held that the legislature, in enacting section 122–2.1, did not infringe upon the powers of the judiciary because section 122–2.1 deals with post-conviction procedure at the trial level and Rule 651(c) is addressed only to appellate procedure. We further reasoned:

> "The constitutional right to counsel, which is absolute at trial, has not been found to apply to post-conviction proceedings. (*Rodriquez v. United States* (1969), 395 U.S. 327, 23 L. Ed. 2d 340, 89 S. Ct. 1715.) Indeed, this court has stated in reference to section 122–2.1 that 'the right to counsel at post-conviction proceedings is a matter of legislative grace and favor which may be altered by the legislature at will.' *People v. Ward* (1984), 124 Ill. App. 3d 974, 978, 464 N.E.2d 1144, 1147.
>
> Section 122–2.1 does not operate to deny counsel to indigents wishing to institute post-conviction proceedings. Instead, it is an attempt to screen out the cases that have no merit to them at an early stage, and the requirement in subsection (a) that the trial court make a written order setting forth its findings in dismissing the petition produces a record for the counsel provided in Rule 651 to use to appeal the dismissal. If a petition is found to have merit under section 122–2.1, counsel will be appointed pursuant to section 122–4." 132 Ill. App. 3d 713, 715-16, 477 N.E.2d 724.

We note that defendant places much reliance on *Commonwealth of Pennsylvania v. Bostic* (1977), 251 Pa. Super. 224, 380 A.2d 459. We have reviewed that case and find it readily distinguishable from the present case. In *Bostic*, the reviewing court held that a rule of the Pennsylvania Supreme Court prevailed over a conflicting legislative provision which provides that counsel need not be appointed to indigent petitioners in post-conviction proceedings if the court determines that the post-conviction petition is without merit. The court found that this provision was in direct conflict with Rule 1503 of the Pennsylvania Rules of Criminal Procedure, which requires that when a petitioner in a post-conviction proceeding is without counsel and satisfies the court that he is unable to procure counsel, the court

must appoint counsel to represent him.[1] Hence, unlike our Supreme Court Rule 651(c), Rule 1503 clearly applies to post-conviction proceedings at the trial level. In light of this distinction, we find *Bostic* unpersuasive analogy.

We conclude that section 122—2.1 does not conflict with Rule 651(c) and, therefore, does not violate the separation of powers doctrine.

## II

We next consider defendant's equal protection challenge to section 122—2.1. Defendant contends that he was denied equal protection by section 122—2.1 because his petition was dismissed prior to the appointment of counsel, while he would have received assistance of counsel automatically as an indigent direct appellant pursuant to Supreme Court Rule 607(a) (87 Ill. 2d R. 607(a)). Defendant reasons that those pursuing direct appeals and post-conviction petitions are similarly situated, and concludes that the refusal to automatically appoint counsel for petitioners constitutes an "unreasoned" distinction between two similarly situated classes of persons.

The equal protection clause of the fourteenth amendment only guarantees like treatment to persons similarly situated. (*Rostker v. Goldberg* (1981), 453 U.S. 57, 69 L. Ed. 2d 478, 101 S. Ct. 2646.) Contrary to defendant's assertion, post-conviction petitioners and direct appellants are not similarly situated. When initiating a post-conviction action, a petitioner is merely required to submit a petition setting forth any facts that may indicate a substantial denial of his constitutional rights. (Ill. Rev. Stat. 1983, ch. 38, par. 122—2.) The petitioner need not even articulate the correct legal theory supporting his claim, providing the petition alleges facts indicating a constitutional deprivation. (*People v. Hudson* (1978), 65 Ill. App. 3d 422, 382 N.E.2d 646.) The petition is subject to dismissal pursuant to section 122—2.1 only if the factual allegations reveal that the petitioner's claims utterly lack merit. (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—2.1(a).) Once a petitioner satisfies this minimal standard in the trial court, he is eligible to qualify as an indigent for court-appointed counsel. Ill. Rev. Stat. 1983, ch. 38, par. 122—4.

While a *pro se* post-conviction petitioner is concerned with

---

[1]The only exception to this requirement is found in Rule 1504 of the Pennsylvania Rules of Criminal Procedure, which states that the appointment of counsel is not necessary and the petition may be disposed of summarily when a previous petition filed by the petitioner with the assistance of counsel alleges the same issues and those issues were determined adversely to the petitioner.

pleading a minimal amount of facts, the direct appellant is responsible initially for submitting a brief containing facts, legal arguments and citation to relevant authority pursuant to Supreme Court Rule 341(e) (87 Ill. 2d R. 341(e)). In contrast, post-conviction petitioners are explicitly prohibited from including either citation to legal authorities or legal argument in their petitions. (Ill. Rev. Stat. 1983, ch. 38, par. 122—2.) In view of the greater responsibilities imposed upon defendants pursuing direct appeals, our supreme court has provided that counsel be available for all indigent direct appellants. 87 Ill. 2d R. 607(a).

An equal protection challenge identical to the one now raised by defendant was rejected by this court in *People v. Baugh* (1985), 132 Ill. App. 3d 713, 477 N.E.2d 724. In *Baugh*, as here, the defendant argued that post-conviction petitioners and direct appellants are analogous, and alleged that section 122—2.1 created an irrational distinction between the two by subjecting petitioners to a determination on the merits prior to the appointment of counsel. This court found that direct appellants and post-conviction petitioners are not analogous, reasoning as follows:

"A direct appeal is the next stage after a trial where the State, and not the defendant, has the burden of proof. The fundamental right to counsel extends into the appellate procedure where the defendant contends that there was error in the record on the part of the State or the court which resulted in his conviction.

A post-conviction petition, on the other hand, involves the defendant-petitioner introducing collateral matters which he then claims make his conviction invalid. The petitioner, and not the State, has the burden of proof. Counsel on behalf of petitioner would now become a sword against the State rather than a shield from it." 132 Ill. App. 3d 713, 716, 477 N.E.2d 724.

Defendant additionally contends that equal protection requires "that indigent post-conviction petitioners be given the same advantages as counselled non-indigent post-conviction petitioners." As a result, he urges that counsel must be provided prior to any review of a petition on the merits because nonindigents may employ counsel to draft their petitions. We find no merit in this argument. The principle of absolute equality has been expressly rejected by the United States Supreme Court. (*San Antonio School District v. Rodriguez* (1973), 411 U.S. 1, 24, 36 L. Ed. 2d 16, 37, 93 S. Ct. 1278, 1291.) In *Rodriguez*, it was held that the equal protection clause does

not guarantee "absolute equality or precisely equal advantages." Relying on *Rodriguez,* the court in *Ross v. Moffitt* (1974), 417 U.S. 600, 616, 41 L. Ed. 2d 341, 354, 94 S. Ct. 2437, 2447, held that equal protection did not require the appointment of counsel for indigents in discretionary appeals, reasoning:

"*** [T]he fact that a particular service might be of benefit to an indigent defendant does not mean that the service is constitutionally required. The duty of the State under our cases is not to duplicate the legal arsenal that may be privately retained by a criminal defendant in a continuing effort to reverse his conviction, *but only to assure the indigent defendant an adequate opportunity to present his claims fairly in the context of the State's appellate process.*" (Emphasis added.)

The initial examination of all petitions pursuant to section 122—2.1 does not inhibit a petitioner's opportunity to present his claims fairly. The requirements of section 122—2.1 do not deprive indigents of pursuing a meritorious collateral claim on account of their poverty, but merely provide that all petitions shall be reviewed for merit before proceeding to the stage requiring the receipt of proof. (*People v. Baugh* (1985), 132 Ill. App. 3d 713, 477 N.E.2d 724.) Section 122—2.1 therefore does not unconstitutionally discriminate against indigents on the basis of their poverty. (See *Douglas v. California* (1963), 372 U.S. 353, 355-57, 9 L. Ed. 2d 811, 813-15, 83 S. Ct. 814, 815-17.) Accordingly, we conclude that section 122—2.1 does not result in a denial of equal protection.

## III

Finally, we turn to defendant's argument that section 122—2.1 denies him due process of law. In particular, defendant contends that section 122—2.1 violates his right to procedural due process because it denies him a meaningful opportunity to present his constitutional claims in a post-conviction proceeding. We do not agree.

■■ ■ It is held that procedural due process mandates only a meaningful opportunity to be heard. (*People v. Taylor* (1979), 76 Ill. 2d 289, 391 N.E.2d 366.) Due process is flexible and calls for only such procedural protections as the particular situation demands. This flexibility stems from the recognition that "not all situations calling for procedural safeguards call for the same kind of procedure[s]." (*Morrissey v. Brewer* (1972), 408 U.S. 471, 481, 33 L. Ed. 2d 484, 494, 92 S. Ct. 2593, 2600.) Consequently, "to determine what specific procedural safeguards fundamental fairness requires in the context of a particular proceeding, one must understand the nature of the pro-

682

ceeding." *People v. Taylor* (1979), 76 Ill. 2d 289, 302, 391 N.E.2d 366.

■ The provision contained in section 122—2.1, allowing the court to make an initial determination that a petition is frivolous or patently without merit prior to the appointment of counsel, clearly provides the petitioner with an adequate opportunity to be heard in light of the minimal standards that a defendant must satisfy. The Post-Conviction Act requires only that the petitioner set forth the specific manner in which his rights were violated. (Ill. Rev. Stat. 1983, ch. 38, par. 122—2.1.) As previously noted, legal arguments, citations and discussion of legal authority are omitted from the petition. Once the petitioner shows a meritorious claim, he is entitled to have counsel represent him on the petition.

Contrary to defendant's contention in the case at bar, there is no reason to believe that a *pro se* petitioner is incapable of alleging factual allegations demonstrating a meritorious constitutional claim. In *People v. Baugh* (1985), 132 Ill. App. 3d 713, 477 N.E.2d 724, this court rejected the claim that *pro se* post-conviction petitioners were denied due process because they were incapable of presenting meritorious claims in a manner that would survive the scrutiny mandated under section 122—2.1, and reasoned as follows:

> "While it is obvious that counsel should be better able to more artfully draft a petition than an indigent petitioner unschooled in legal drafting, it is certainly not clear that an indigent petitioner could not present the gist of his claim so that the trial court could make an initial determination as to whether or not the claim is frivolous. An indigent petitioner is not deprived of post-conviction relief. We do not find a denial of due process by the operation of section 122—2.1." (132 Ill. App. 3d 713, 717, 477 N.E.2d 724.)

This court noted in *Baugh* that section 122—2.1 parallels the Federal *habeas corpus* procedures which provide that the court may appoint counsel if petitioner is indigent but may also dismiss the petition if it is found to be frivolous or malicious. (28 U.S.C. sec. 1915(d) (1966).) We observed that "[i]n fact, the practice in the Federal Courts is to appoint counsel in post-conviction proceedings only after the petition for post-conviction relief passes initial judicial scrutiny to determine if an evidentiary hearing is necessary. (*Johnson v. Avery* (1969), 393 U.S. 483, 21 L. Ed. 2d 718, 89 S. Ct. 747.)" 132 Ill. App. 3d 713, 717, 477 N.E.2d 724.

We note that defendant relies on *People v. Hawkins* (1970), 44 Ill. 2d 296, 255 N.E.2d 456, where the reviewing court reversed the

dismissal of the defendant's post-conviction petition on the basis that the defendant's representation by court-appointed counsel was inadequate. *Hawkins*, therefore, dealt with the adequacy of counsel once counsel has been appointed, and not with the necessity of appointing counsel in order for the trial court to make a determination as to whether the petition has merit. For this precise reason, this court in *Baugh* found that *Hawkins* failed to support the petitioner's due process challenge to section 122—2.1.

In conclusion, the constitutional arguments advanced by defendant in the case before us are virtually identical to those rejected in *Baugh*. We are unpersuaded that the rationale in that case was erroneous. We therefore reaffirm the holding in *Baugh* and affirm the dismissal of defendant's post-conviction petition.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

O'CONNOR and QUINLAN, JJ., concur.