COMMONWEALTH of Pennsylvania, Appellee,

v.

Charles PLUMMER, Appellant.

Superior Court of Pennsylvania.

Submitted January 21, 2002.
Filed May 8, 2002.

Joseph M. Nocito, Kingston, for appellant.

Frank P. Barletta, Asst. Dist. Atty., Wilkes–Barre, for Commonwealth, appellee.

Before: DEL SOLE, P.J., LALLY–GREEN and TAMILIA, JJ.

DEL SOLE, P.J.

¶ 1 This is an appeal from an order denying Appellant's petition for post-conviction relief. Following a jury trial Appellant was convicted of third-degree murder, aggravated assault and reckless endangerment. He was directed to serve a sentence of 10 to 20 years' imprisonment, followed by 4 years' probation. This court affirmed the judgment of sentence on direct appeal and our Supreme Court denied Appellant's petition for allowance of appeal.

¶ 2 Appellant filed a *pro se* petition seeking post-conviction collateral relief. The Commonwealth responded denying Appellant's allegations and moving to dismiss the petition as untimely. A proceeding on the petition was held October 20, 1997, wherein the Commonwealth alleged that Appellant's judgment became final on September 9, 1996, and that Appellant's petition was not filed until September 18, 1997, making it untimely. At a hearing on Appellant's petition he testified that he placed his petition in the institutional mail at the State Correctional Institute at Graterford on September 7, 1997 and that he could provide the court with proof of this mailing. The PCRA court continued the hearing until November 24, 1997, at which time Appellant's counsel presented a cash slip from the prison dated September 7, 1997. The court concluded that in accordance with the prisoner mailbox rule the time limits were satisfied.[1] This hearing was also ultimately continued at Appellant's counsel's request. A third hearing was held on April 28, 1998.

---

1. The prisoner mailbox rule provides that the date of delivery of the PCRA petition by the defendant to the proper prison authority or to a prison mailbox is considered the date of filing of the petition. *Commonwealth v. Castro,* 766 A.2d 1283 (Pa.Super.2001).

¶ 3 At this final hearing Appellant's counsel called trial counsel to the stand. In addition Appellant testified on his own behalf. The court took the matter under advisement, but later entered an order denying Appellant's petition. Appellant filed a timely appeal to this court, but we dismissed it for failure to file a brief. *Commonwealth v. Plummer*, 570 MDA 1999. Appellant's later application to reinstate his appeal was granted by this Court on July 24, 2001, and thus, the matter is presently before us.

■ ¶ 4 Appellant raises a single issue on appeal. He alleges that his PCRA proceeding was effectively uncounselled. He asserts his appointed counsel failed to adequately develop and advocate meritorious claims as evidenced by the fact that counsel did not amend his *pro se* petition or file a supporting brief. In support Appellant refers to case law which finds that the requirement for legal representation is not met where appointed counsel fails to participate meaningfully in the proceedings. This Court has stated:

> when appointed counsel fails to amend an inarticulately drafted pro se [postconviction] petition, or fails otherwise to participate meaningfully, this court will conclude that the proceedings were, for all practical purposes, uncounselled and in violation of the representation requirement.

*Commonwealth v. Hampton*, 718 A.2d 1250, 1253 (Pa.Super.1998) (quoting *Commonwealth v. Ollie*, 304 Pa.Super. 505, 450 A.2d 1026 (1982), and *Commonwealth v. Sangricco*, 490 Pa. 126, 415 A.2d 65 (1980)).

¶ 5 It is true that counsel never amended Appellant's *pro se* petition. However,

our careful examination of the entire record in this matter causes us to conclude that it cannot be said that Appellant's PCRA proceeding was effectively uncounselled. At the first two hearings on Appellant's petition the appointed counsel was unprepared for a hearing on the merits of the petition and requested extensions of time. The court on those occasions resolved the question of the timeliness of Appellant's petition and did not consider the petition on its merits and granted counsel an extension of time. At the third hearing Appellant was represented by another attorney,[2] Mr. Mann.

¶ 6 Mr. Mann called Appellant's trial counsel as a witness and questioned him about various matters. Trial counsel was asked about the extent of his exploration of alibi witnesses and the work done by the private investigator. Mr. Mann also questioned trial counsel regarding the court-appointed forensic pathologist and why counsel did not discuss with the pathologist Appellant's concerns that the autopsy reports were inconsistent with statements given by witnesses regarding the shooting and the path of the bullet. Autopsy photographs were also introduced into evidence by Mr. Mann to depict injuries he alleged were consistent with defensive wounds. He argued that these pictures and emergency room notes prepared by Susan Burton reference injuries consistent with a fight or blunt force trauma, which supports Appellant's theory that the victim was shot by another after an altercation.

¶ 7 Trial counsel responded that his review of the position of the bullet was insignificant in view of eyewitness testimony of the shooting, recognizing the differing ac-

**2.** The trial court in its opinion indicates that at the time of the PCRA proceeding Appellant had been represented by 6 different attorneys at different stages of his case. We note that it appears from the record that another 3 attorneys have represented Appellant to the briefing stage of this appeal.

counts of the exact location of the victim and Appellant. Trial counsel also noted that he reviewed all the medical evidence including the autopsy reports and photographs and found nothing significant regarding other injuries. He stated that even assuming other injuries existed on the body, he had no evidence to support how those injuries would have occurred to the victim.

¶ 8 Appellant also testified at the hearing. He argued that his various trial counsel failed to timely explore the development of his alibi defense so that by the time these witnesses were contacted their memories had lapsed and they could not provide Appellant with a solid alibi. Appellant theorized that this delay was purposeful. He claimed it was designed to prevent him from securing alibi statements before these same witnesses were contacted by the district attorney's office "so that they could more or less extort them, my witnesses, or intimidate them, that they would tamper with evidence that could show that I'm not guilty." N.T., 5/18/98, at 55–56. Appellant also opined that trial counsel failed to explore the inconsistencies of the trajectory of the bullet in order to enhance the credibility of the Commonwealth's witnesses. Mr. Mann then also introduced into evidence letters Appellant had written to his prior attorneys and the court expressing concerns about his defense.

¶ 9 As can be seen from a review of this proceeding, Appellant was represented by counsel who sought to advance Appellant's claims in a legal fashion through the questioning of witnesses and the introduction of evidence. Although, Appellant's petition was never amended and a brief was not presented to the court, Appellant's case differs significantly from those he refers to in which counsel's inaction amounted to no legal representation. *See Commonwealth v. Sangricco*, 490 Pa. 126, 415 A.2d 65 (1980); *Commonwealth v. Fiero*, 462 Pa. 409, 341 A.2d 448 (1975); *Commonwealth v. Barton*, 312 Pa.Super. 176, 458 A.2d 571 (1983); *Commonwealth v. Ollie*, 304 Pa.Super. 505, 450 A.2d 1026 (1982); *Commonwealth v. Hines*, 287 Pa.Super. 291, 430 A.2d 291 (1981) (where appointed counsel fails to amend post-conviction petition and petition was dismissed without a hearing). Appellant, it appears, has distinct ideas on what matters he wishes to present to the court and the manner in which they should be presented. However, Appellant was represented by legal counsel and we conclude that this counsel was competent. Mr. Mann presented to the court Appellant's various theories, including Appellant's own conspiracy theories, and asked questions of trial counsel relevant to those points. Upon review we find no support for Appellant's claim that he was effectively deprived of representation at his PCRA proceeding. We also conclude that the evidence offered at that proceeding did not demonstrate that Appellant was deprived of effective assistance of trial counsel which so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Lantzy*, 712 A.2d 288 (Pa.Super.1998).

¶ 10 Order affirmed.