J-S07012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| RUSSELL C. TETER | |
| Appellant | No. 1400 MDA 2016 |

Appeal from the PCRA Order August 3, 2016
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0000582-2014

BEFORE:  BOWES, LAZARUS, AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                 **FILED MARCH 07, 2017**

Russell C. Teter appeals *pro se* from the August 3, 2016 order denying him PCRA relief.  We vacate the order and remand for the appointment of counsel.

On March 6, 2014, Minersville Borough Police Officer Jeffrey R. Bowers, who had, at the time, been a member of the Schuylkill County District Attorney's Drug Task Force for about six years, executed a search warrant at 42 Westwood Street, Minersville.  He was accompanied by three other Minersville Borough police officers.  Appellant was present.  The police officers discovered: 1) packets of methamphetamine; 2) marijuana; 3) a loaded .9 mm pistol, 4) a loaded .22 caliber pistol, 5) a wallet containing Appellant's identification and a pre-recorded one hundred dollar bill that had

been used in a controlled buy of methamphetamine conducted within forty-eight hours of execution of the warrant; 6) a cell phone; 7) a baggie with methamphetamine residue; 8) a marijuana grinder; 9) a mirror with methamphetamine on top of it; 10) an automatic switchblade; 11) a lock box containing another .22 caliber gun, another .9 mm handgun, and a pouch with ammunition and gun magazines; 12) two computers; and 13) a box with numerous cell phones and cell phone accessories. Since Appellant had previously pled guilty to a felony drug offense, he was prohibited from possessing a firearm.

Appellant was thereafter charged with drug offenses, violations of the Uniform Firearms Act, and receiving stolen property. On April 22, 2015, Appellant entered a negotiated guilty plea, which called for an aggregate sentence of five to ten years imprisonment and some of the charges filed herein being *nol prossed*. The negotiated sentence was imposed at the time of entry of the guilty plea.

On April 25, 2016, Appellant filed a *pro se* motion for *habeas corpus* relief claiming that his sentence was illegal as it involved application of an unconstitutional mandatory minimum sentence. The Commonwealth acknowledged that the motion should be considered a PCRA petition because legality-of-sentence claims are cognizable under the PCRA. 42 Pa.C.S. § 9542 (PCRA is the only means of "of obtaining collateral relief and encompasses all other common law remedies . . . including *habeas corpus*");

***Commonwealth v. Taylor***, 65 A.3d 462 (Pa.Super. 2013) (where *habeas corpus* petition raises issue for which PCRA provides a remedy, that petition must be considered a PCRA petition). The Commonwealth also conceded that the petition was timely. It countered that the sentence in question did not include a mandatory minimum sentence so that PCRA relief should be denied. After issuing notice of its intent to dismiss the petition without a hearing, the court denied relief. Counsel never was appointed.

Appellant filed the present appeal, was ordered to file a Pa.R.A.P. 1925(b) statement, and complied with that directive. He averred that the PCRA court erred in failing to appoint him counsel. In its Pa.R.A.P. 1925(a) opinion, the court justified its failure to appoint counsel "because the appellant never sought appointment of counsel nor did he represent to the Court that he was unable to afford or procure counsel." Opinion, 10/4/16, at 1.

On appeal, Appellant maintains that the PCRA court erred "in dismissing the PCRA petition without the appointment of counsel." Appellant's (unnumbered brief at page) 3. We agree with that position. In ***Commonwealth v. Albrecht***, 720 A.2d 693, 699 (Pa. 1998), our Supreme Court articulated that the rules of criminal procedure make the appointment of counsel mandatory for purposes of an initial PCRA proceeding. Similarly, in ***Commonwealth v. Smith***, 818 A.2d 494 (Pa. 2003), our High Court held that, under the rules of criminal procedure, the appointment of PCRA

counsel is required for purposes of a first PCRA petition and that counsel must be afforded even if the PCRA petition is facially untimely. *See* Pa.R.Crim.P. 904(C) ("when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief."). The *Smith* Court stated:

> The policy contained in Rule 904 is consistent with the long-standing directive by this Court to provide counsel to indigent petitioners filing their first collateral attack on their Judgment of Sentence. *Commonwealth v. Hoffman*, 426 Pa. 226, 232 A.2d 623 (1967). "In this Commonwealth one who is indigent is entitled to the appointment of counsel to assist with an initial collateral attack after judgment of sentence." *Commonwealth v. Duffey*, 551 Pa. 675, 713 A.2d 63, 69-70 (1998) (quoting *Commonwealth v. Albert*, 522 Pa. 331, 561 A.2d 736, 738 (1989)); *Albrecht, supra* (an unrepresented indigent petitioner who filed a first-time PCRA petition is entitled to have counsel appointed to represent him during the PCRA proceedings). Without legal counsel, an indigent first-time PCRA petitioner would not know of the necessity of demonstrating the existence of an exception to the time-bar.

*Smith*, *supra* at 501.

Based upon this precept, in *Commonwealth v. Guthrie*, 749 A.2d 502 (Pa.Super. 2000), we reversed the denial of PCRA relief to an unrepresented defendant and remanded for the appointment of PCRA counsel even though the PCRA petitioner had never requested counsel be appointed by the PCRA Court. This Court reasoned that, when a *pro se* defendant files a petition for post-conviction relief, his ability to obtain the assistance of counsel should not depend upon whether the defendant is

- 4 -

astute enough to be aware that he can obtain an appointed lawyer, especially when the defendant had previously been found indigent. *See also Commonwealth v. Stossel*, 17 A.3d 1286 (Pa.Super. 2011) (where PCRA petitioner asked to proceed *pro se* in his PCRA petition, he still had to be accorded waiver-of-counsel hearing and appointment of counsel if he elected not to waive counsel at such hearing). In the present case, Appellant was represented by the public defender's office at his plea proceeding and thus has previously been found to be indigent. The PCRA court should have automatically appointed counsel.

Order vacated. Case remanded for the appointment of counsel. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/7/2017</u>