341 A.2d 79

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**John R. CONNER, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 13, 1975.

Decided July 7, 1975.

---

John R. Conner, in pro. per.

Marion E. MacIntyre, Deputy Dist. Atty., Harrisburg, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

EAGEN, Justice.

On June 13, 1969, the appellant, John R. Conner, while represented by privately-retained counsel, was found guilty by a jury of voluntary manslaughter. Post trial

motions were denied, and a sentence of six to twelve years imprisonment was imposed. A counseled appeal to this Court resulted in the affirmance of the judgment of sentence. *Commonwealth v. Conner,* 445 Pa. 36, 282 A. 2d 23 (1971). Subsequent attempts to obtain federal habeas corpus relief proved unsuccessful.

On June 17, 1974, Conner filed an uncounseled petition in the trial court pursuant to the Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. § 1180–1 et seq. Therein he alleged prejudicial remarks of the prosecuting attorney during trial operated to deny him his constitutionally guaranteed right to a fair trial. He contended that after the trial court properly refused to permit his wife to testify on behalf of the Commonwealth, the prosecuting attorney remarked in the presence of the jury and again in his closing argument, that the witness was not permitted to tell her story. The lower court, ruling the claim pertained to trial error challengeable only in a direct appeal, held that the issue was waived and denied the petition without a hearing. This appeal followed.

To be eligible for relief under the Post Conviction Hearing Act, the individual must prove, inter alia, that the error complained of in the prosecution proceedings has not been waived. See Post Conviction Hearing Act, § 3(d).[1] However, in *Commonwealth v. Minnick,* 436 Pa. 42, 258 A.2d 515 (1969), this Court stated, "[w]hatever may be the merits on the question of waiver

1. Section 4 of the Post Conviction Hearing Act provides:
   "(b) For the purposes of this act, an issue is waived if:
   (1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this act; and
   (2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue.
   (c) There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure."

here, a hearing court cannot summarily dispose of a petition, *without counsel*, on the ground of waiver." [Emphasis supplied] *Commonwealth v. Minnick*, supra at 44, 258 A.2d at 516. The reason for this rule is "[t]here may be 'extraordinary circumstances' which will justify petitioner's failure to raise the issue" and "[t]hese are not the kinds of issues which we can expect an uncounseled petitioner to adequately deal with." *Commonwealth v. Minnick*, supra at 45, 258 A.2d at 516–517. See also *Commonwealth v. Hill*, 444 Pa. 75, 279 A.2d 170 (1971).

■ Instantly, although Conner alleged in his petition seeking post conviction relief that he was unable to pay the costs of the proceeding, he indicated he did not want an attorney to represent him and filed the petition pro se. Because of the importance which counsel has in advising petitioners seeking post conviction relief, we believe the trial court should have determined if Conner's decision to forego counsel was knowing and intelligent. The record, therefore, will be remanded to the trial court to determine in proper proceedings, whether Conner is indigent and, if so, if his decision to forego the assistance of counsel in these proceedings was knowing and intelligent.

If the court determines it was not, then counsel should be appointed to represent Conner,[2] and amendment to

2. Section 12 of the Post Conviction Hearing Act provides, in pertinent part:
"If the petitioner is without counsel and alleges that he is without means to procure counsel, he shall state whether or not he wishes counsel to be appointed to represent him. If appointment of counsel is so requested and the court is of the opinion that a hearing on the petition is required, the court shall appoint counsel if satisfied that the petitioner has no means to procure counsel."
See also *Commonwealth v. Mitchell*, 427 Pa. 395, 235 A.2d 148 (1967); *Commonwealth v. Richardson*, 426 Pa. 419, 233 A.2d 183 (1967).

the petition freely permitted.[3]  If, however, the court determines that Conner's decision to forego counsel was knowing and intelligent, it should expeditiously report this finding and the supporting facts to this Court.

It is so ordered.

JONES, C. J., dissents.

3.  Section 7 of the Post Conviction Hearing Act provides:
    "The court may grant leave to amend or withdraw the petition at any time.  Amendment shall be freely allowed in order to achieve substantial justice.  No petition may be dismissed for want of particularity unless the petitioner is first given an opportunity to clarify his petition.
    See also *Commonwealth v. Cornitcher*, 447 Pa. 539, 291 A.2d 521 (1972).