415 A.2d 65

**COMMONWEALTH of Pennsylvania**

v.

**George William SANGRICCO, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 3, 1980.

Decided May 30, 1980.

Order vacated and case remanded for counselled proceedings.

George Sangricco, in pro. per.

Phillip L. Wein, Sp. Prosecutor, Clarion, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant George Sangricco brings this pro se appeal from an order of the Court of Common Pleas of Clarion County dismissing, without a hearing, his second uncounselled petition for relief under the Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, § 1 et seq., 19 P.S. § 1180–1 et seq. (Supp.1979). Without reaching the merits of appellant's present claims, it must be concluded that summary dismissal, without hearing, of appellant's second uncounselled petition was improper.

In March of 1974, a jury found appellant guilty of voluntary manslaughter, felonious aggravated assault, and two firearms violations in connection with the shooting death of Ronald Girts. After denying appellant's post-verdict motions, the court of common pleas suspended sentence on the aggravated assault conviction but imposed sentence of four to ten years imprisonment on the manslaughter conviction and a concurrent sentence of one and one-half to three years on the firearms violations. On appeal, represented by trial counsel, appellant challenged a search warrant authorizing police administration of a "Neutron Activation Analysis" test designed to determine if appellant had fired a weapon. Appellant also challenged the failure of the trial court to suppress a statement appellant gave police on the ground

that he was not informed of the general nature of the charges against him. See *Commonwealth v. Richman*, 458 Pa. 167, 320 A.2d 351 (1974). This Court unanimously rejected appellant's contentions and affirmed. 475 Pa. 179, 379 A.2d 1342 (1977).

In July of 1978, appellant filed a pro se petition for PCHA relief. Among other things, appellant's pro se petition sought to frame several objections to the alleged ineffective assistance of trial counsel. Appellant also contended that the prosecuting attorney improperly deprived appellant of two material witnesses, including the victim's wife (appellant's girlfriend) and the mother of the victim, allegedly subpoenaed as a defense witness but told by the prosecuting attorney to disregard the subpoena and "go home." In his pro se petition, appellant stated his claims were not "finally litigated" or "waived" (see section 3(d) of the PCHA, 19 P.S. § 1180–3(d)) because:

"I had/have no learned knowledge or understanding of the laws and depended upon the Court, the Commonwealth and, my counsel, to afford me and the case due process of the laws, and the equal protection of the laws.

The records, in totality, will adequately show that at no time did I knowingly, intelligently, or understandingly, waive any issue of which prevailed during these Commonwealth's prosecutions. I emphasized and repeatedly proclaimed my innocence and, reserved my right to be afforded both, the due process and the equal protections of the laws by the prosecution and the Commonwealth."

Appellant, an indigent, simultaneously requested appointed counsel. The PCHA court granted the request, appointing Public Defender William M. Kern. Appointed counsel, however, did nothing to place appellant's pro se petition in a proper frame or otherwise amend the pro se allegations. Thus, the Commonwealth answered appellant's pro se petition, claiming appellant's contentions were either finally litigated, waived, or frivolous and thus did not require an evidentiary hearing. See PCHA, § 9, 19 P.S. § 1180–9.

Appointed counsel appeared at oral argument, but neither filed nor presented a brief in support of appellant's pro se

claims. After argument, the PCHA court, in October of 1978, filed an opinion summarily rejecting all but one of appellant's pro se contentions. The court determined that appellant's claim regarding alleged prosecutorial interference with defense presentation of the victim's mother did not sufficiently allege what favorable testimony the witness might provide. Accordingly, the PCHA court ordered that

"the Post-Conviction Hearing Petition be returned to the Petitioner to amend item 4 of the petition which contends that he was denied the presence of a witness . . . which amendment shall state the kind and nature of testimony which will be given by [the victim's mother] so that the Court can determine the relevancy, competency and admissibility of such testimony."

The court did not, however, enter any final order dismissing appellant's pro se petition.

Despite the PCHA court's order granting leave to amend, no amendment was made by appointed counsel. Indeed, no action of record on appellant's behalf was taken until some ten months after the PCHA court's order, when in August of 1979 appellant filed an entirely new pro se PCHA petition. This new pro se petition did not respond to the PCHA court's previous order. Instead, appellant made a new claim that counsel was ineffective for failing to secure attendance of the victim's mother. Appellant claimed, among other things, that her testimony would have disclosed that the victim was ambidextrous, thus discrediting the Commonwealth's theory that the victim, allegedly left-handed, could not have had shot himself in the right side of the head. Appellant's pro se contentions also included a claim that trial counsel was ineffective for failing to call two witnesses who would have substantiated appellant's position that he was shooting firearms at his hunting camp before the neutron activation analysis test was administered. The pro se petition also contained several other allegations of ineffectiveness, nearly all of which mirrored those claims appellant already presented in his original pro se petition.

In his new pro se petition, appellant, still indigent, again requested counsel. Appellant averred that

"[a]ppointed counsel William M. Kern, has never conferred with Petitioner, concerning the allegations contained in his Petition, nor did he make any attempt to clarify petitioner's issues to insure that the court would here [sic] the injustice caused Petitioner, being convicted of erroneous charges, because of Defense Counsel Wendell Freeland's negligence, to adequately investigate Petitioner's defense and review prior testimony of relevant defense witness, to insure that Petitioner's interests would be protected."

The PCHA court did not grant the request for counsel, apparently concluding that appellant still was represented by counsel originally appointed.

As with appellant's first pro se petition, appointed counsel did not attempt to amend appellant's new pro se petition. Nor is there any indication that counsel even appeared at argument on this new pro se petition.

Without answer from the Commonwealth, or argument on petitioner's pro se claims, the PCHA court without hearing summarily dismissed appellant's new pro se petition, concluding that as to all claims except the new allegations of ineffectiveness in failing to call witnesses for the defense, appellant's claims had already been presented and adversely decided either on his direct appeal or in the previous PCHA adjudication. As to the new ineffectiveness claims the PCHA court stated that it failed to see how testimony of the victim's mother would provide any useful new testimony that had not already been presented at appellant's trial. As to the witnesses who allegedly would have disputed the neutron activation analysis test, the PCHA court concluded

"[d]efense counsel's failure to call the other two witnesses can be explained by the fact that he tried to suppress the Neutron Activation Analysis which would obviate the need to show how the gun powder got on the defendant's hands."

Now assisted by a "para-legalist," appellant brings the present pro se appeal.

■ It is apparent from this record that the PCHA court did not conclude appellant was no longer represented by appointed counsel.[1] Rather, the PCHA court merely deemed it proper, in view of appellant's pro se efforts, to consider and reject his second pro se petition without any assistance from his appointed counsel. In so proceeding the PCHA court clearly erred.

■ Nothing in PCHA practice is more settled than the rule that a person seeking post-conviction relief is entitled to the assistance of counsel. Pa.R.Crim.Proc. 1503(a); *Commonwealth v. McClinton*, 488 Pa. 598, 413 A.2d 386 (1980); *Commonwealth v. Patterson*, 470 Pa. 618, 369 A.2d 1163 (1977); *Commonwealth v. Bradley*, 470 Pa. 602, 369 A.2d 1155 (1977); *Commonwealth v. Blair*, 470 Pa. 598, 369 A.2d 1153 (1977); *Commonwealth v. Triplett*, 467 Pa. 510, 359 A.2d 392 (1976); *Commonwealth v. Adams*, 465 Pa. 389, 350 A.2d 820 (1976).[2] This rule serves more than to protect the petitioning party's rights. As Commentary to the American Bar Association's Standards Relating to the Administration of Criminal Justice points out,

> "[i]t is a waste of judicial manpower and an inefficient method of treating the substantive merits of applications for postconviction relief to proceed without counsel for applicants. Exploration of the legal grounds for complaint, investigation of the underlying facts, and more articulate statement of the claims are functions of an advocate; it is inappropriate for a judge, or for court staff, to undertake such work."

1. Indeed, this record cannot support any claim that appellant waived his right to counsel. Such a waiver would of course have to be a knowing, intelligent, and voluntary one. See *Carnley v. Cochran*, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 146 (1938); *Commonwealth v. Conner*, 477 Pa. 484, 384 A.2d 1191 (1978); id., 462 Pa. 278, 341 A.2d 79 (1975).

2. The right to counsel extends not only to proceedings before a PCHA court but also on appeal from those proceedings. See *Commonwealth v. Cooney*, 439 Pa. 324, 266 A.2d 650 (1970); *Commonwealth v. Walters*, 431 Pa. 74, 244 A.2d 757 (1968).

Postconviction Remedies Std. 22–4.3 Commentary at p. 19 (Tent.Draft, 1978). See *Commonwealth v. Mitchell*, 427 Pa. 395, 235 A.2d 148 (1967).

■ Moreover, it is not enough simply for the PCHA court to appoint counsel. For this settled rule

"also envisions that counsel so appointed shall have the opportunity and in fact discharge the responsibilities required by his representation."

*Commonwealth v. Fiero*, 462 Pa. 409, 413, 341 A.2d 448, 450 (1975). Thus in *Fiero* this Court held that appointed counsel's failure either to amend a pro se petition or to argue and brief the petitioner's pro se claims deprived the petitioner "the opportunity of legally trained counsel to advance his position in acceptable legal terms." Id. See also *Commonwealth v. Scott*, 469 Pa. 381, 366 A.2d 225 (1976) (PCHA petitioner "uncounselled" where appointed counsel failed to amend "inarticulately drawn" pro se petition).

Appointed counsel here, as in *Fiero*, not only failed to amend appellant's new pro se petition but also failed either to argue or to brief appellant's second set of claims. Appellant thus was uncounselled at the time the PCHA court summarily dismissed his second pro se petition. See also *Commonwealth v. Scott*, supra; *Commonwealth v. Irons*, 254 Pa.Super. 251, 385 A.2d 1004 (1978).

■ It is true that a PCHA court may on occasion summarily dispose of an uncounselled petition. Such a disposition, however,

"is permitted only 'when a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he . . . was represented by counsel in proceedings thereon.' Pa.R.Crim.P. 1504. See *Commonwealth v. Smith*, 459 Pa. 583, 330 A.2d 851 (1975); *Commonwealth v. Haynes*, 234 Pa.Super. 556, 340 A.2d 462 (1975)."

*Commonwealth v. Adams*, supra, 465 Pa. at 391, 350 A.2d at 821–22. See also *Commonwealth v. Triplett*, supra; *Commonwealth v. Schmidt*, 436 Pa. 139, 259 A.2d 460 (1969);

*Commonwealth v. Minnick,* 436 Pa. 42, 258 A.2d 515 (1969). Here the record is clear that, just as in the proceedings involving appellant's second petition, appellant was under *Fiero* uncounselled at proceedings involving his first petition.[3] While appointed counsel did appear at oral argument, counsel failed either to amend appellant's inarticulate pro se petition or to submit an explanatory brief. And the PCHA court's opinion disposing of appellant's first pro se petition in no respect reflects that counsel's argument clarified or otherwise improved presentation of appellant's claims. So too, even after the PCHA court granted specific leave to amend appellant's first pro se petition, appointed counsel did nothing of record. Here, as in *Fiero,* it must be concluded that appellant had no legally trained counsel to advance his position in acceptable legal terms. See also *Commonwealth v. Scott,* supra; *Commonwealth v. Irons,* supra. Accordingly, the order of the PCHA court dismissing appellant's uncounselled second pro se PCHA petition must be vacated and the case remanded for counselled proceedings consistent with this opinion.

Order vacated and case remanded for counselled proceedings.

**3.** Moreover, there has not even been a final, adverse determination against appellant on his first PCHA petition. Rather, the record is clear that the PCHA court entered only an interlocutory order permitting amendment.