439 A.2d 743

**COMMONWEALTH of Pennsylvania,**

v.

**Kenneth DIXON, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 5, 1981.

Filed Jan. 5, 1982.

Marc Reuben, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WICKERSHAM, McEWEN and POPOVICH, JJ.

WICKERSHAM, Judge:

On May 7, 1977, appellant Kenneth Dixon pled guilty to charges of burglary and attempted burglary arising out of two separate incidents. On June 7, 1977 the court imposed sentences of three years probation on both bills, to run concurrently. No direct appeal was filed.

On September 18, 1979, a hearing was held before the court on an alleged violation of probation. The court revoked probation and imposed concurrent sentences of imprisonment of not less than five nor more than ten years on each of the bills.

On March 12, 1980, defendant filed a *pro se* petition for relief pursuant to the Post Conviction Hearing Act.[1] Appellant alleged indigency and requested appointment of counsel. On December 1, 1980, the defendant's petition for relief under the Post Conviction Hearing Act was denied, without a hearing and without counsel having been appointed. Thereafter, the court appointed counsel to aid appellant in this appeal, which was taken from the order of December 1, 1980. We must, of course, reverse and remand.

In *Commonwealth v. Blair*, 470 Pa. 598, 369 A.2d 1153 (1977), the issue before the Supreme Court of Pennsylvania was whether the hearing court erred in summarily dismissing appellant's uncounselled PCHA petition. The court stated:

> The Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. § 1180–1 et seq. (Supp. 1976–77) requires the appointment of counsel for indigent petitioners except where the claim is patently frivolous and without trace of support in the record. *See* 19 P.S. § 1180–12 (Supp.1976–77). Restated under the Act, the right of the trial court to summarily dismiss an uncounselled petition is contingent upon the substantive claim raised therein. However, this section of the Post Conviction Hearing Act has been superseded by Pennsylvania

---

1. Act of January 25, 1966, P.L. (1965) 1580 § 1 et seq.: 19 P.S. § 1180–1 et seq.

Rule of Criminal Procedure 1503 (Adopted January 24, 1968. Effective August 1, 1968.)

Under the terms of Rule 1503(a)* [*Rule 1503(a) provides in pertinent part as follows: 'Except as provided in Rule 1504, when an unrepresented petitioner satisfies the court that he is unable to procure counsel, the court shall appoint counsel to represent him.'] the Court is mandated to provide counsel, upon request, in Post Conviction proceedings once petitioner satisfies the Court of his financial inability to obtain counsel. The only exception to this mandatory requirement is set forth in Rule 1504 which provides:

'Appointment of counsel shall not be necessary and petitions may be disposed of summarily when a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he either was afforded the opportunity to have counsel appointed or was represented by counsel in proceedings thereon.'

Our prior caselaw has consistently adopted a strict construction of the language of the Rule. As stated in *Commonwealth v. Adams*, 465 Pa. 389, 350 A.2d 820 (1976) in considering a similar claim we held:

'Without reaching the merits of appellant's substantive claims, we hold that the summary dismissal of the petition in this case without appointment of counsel was error. Pa.R.Crim.P. 1503(a), suspending in part and superseding Section 12 of the Post Conviction Hearing Act, places an affirmative duty on the hearing court to appoint counsel for an indigent petitioner before disposition of his petition. *Commonwealth v. Schmidt*, 436 Pa. 139, 259 A.2d 460 (1969); accord, *Commonwealth v. Conner*, 462 Pa. 278, 341 A.2d 79 (1975); *Commonwealth v. Minnick*, 427 Pa. 399, 235 A.2d 150 (1969). Summary disposition of a petition, without appointment of counsel, is permitted only 'when a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he . . . was represented

by counsel in proceedings thereon.' Pa.R.Crim.P. 1504. See *Commonwealth v. Smith*, 459 Pa. 583, 330 A.2d 851 (1975); *Commonwealth v. Haynes*, 234 Pa.Super. 556, 340 A.2d 462 (1975).' (Footnote omitted) *Id.* at 821–22. *See also Commonwealth v. Triplett*, 467 Pa. 510, 359 A.2d 392 (1976).

*Id.* 470 Pa. at 599–601, 369 A.2d at 1153–54.

Since appellant did allege indigency and requested appointment of counsel, it was incumbent upon the hearing court to determine whether Dixon was indigent and, if so, counsel should have been appointed to assist him. Accordingly, the matter is remanded to the trial court for further proceedings consistent with this opinion. Moreover, if it is determined that appellant is entitled to the appointment of counsel, he may, upon request, amend his petition.

It is so ordered.