446 A.2d 1293

**COMMONWEALTH of Pennsylvania**

v.

**Ronald TOWNES, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1980.

Filed June 18, 1982.

Charles Golin, Lancaster, for appellant.

Michael H. Ranck, District Attorney, Lancaster, for Commonwealth, appellee.

Before CERCONE, President Judge, and HESTER and WIEAND, JJ.

CERCONE, President Judge:

Appellant, Ronald S. Townes, takes this appeal from the lower court's dismissal, without a hearing, of appellant's

petition under the Post Conviction Hearing Act (PCHA).*
We find that the court erred in dismissing this petition
without first appointing counsel to represent appellant in
this matter.

On July 15, 1977, appellant entered a plea of guilty to
charges of robbery and criminal conspiracy. At this time
appellant was represented by Thomas E. Harting, Esquire,
of the Public Defender's Office of Lancaster County. Sub-
sequently, appellant was sentenced and appellant filed a *pro
se* motion to withdraw his guilty plea. New counsel, Robert
Longo, Esquire, was appointed to represent appellant in this
matter. Counsel did not file an amended motion on appel-
lant's behalf but counsel did appear for appellant at the
hearing on this motion. The motion was denied, but appel-
lant did not appeal from this ruling.

On March 30, 1979, appellant filed a *pro se* PCHA
petition in which he raised the issue of ineffectiveness of
trial counsel. Appellant requested that. an attorney be ap-
pointed to represent appellant for this PCHA petition. The
court, however, dismissed appellant's petition without ap-
pointing counsel and without a hearing, ruling that all of the
issues raised by appellant were previously litigated at the
hearing on appellant's motion to withdraw his guilty plea.
Thereafter, appellant filed *pro se* the instant PCHA petition.
In this second petition, appellant raises the issue of ineffec-
tive assistance of trial counsel, Mr. Harting, and of Mr.
Longo. Appellant states that Mr. Longo's name remains as
counsel of record and therefore appellant claims that counsel
was ineffective for failing to appeal from the denial of
appellant's initial PCHA petition. Contained in this second
petition was appellant's request for the appointment of
counsel. As before, the court summarily dismissed this
petition, without appointment of counsel. This was error.

* The Post Conviction Hearing Act, 1966, Jan. 25, P.L. (1965) 1580, § 5,
as amended 1970, Nov. 25, P.L. 759, No. 249, § 1, as amended by Act
1980, June 26, P.L. 265, No. 77, § 2, 19 P.S. §§ 1180–1 et seq.
(Supp.1981).

In *Commonwealth v. Watlington*, 491 Pa. 241, 420 A.2d 431, 433–434 (1980), the Supreme Court quoted from its earlier opinion in *Commonwealth v. Mitchell*, 427 Pa. 395, 397, 235 A.2d 148, 149 (1967), in which the court stated:

> We pause to note that the *mandatory appointment requirement* is a salutary one and best comports with efficient judicial administration and serious consideration of a prisoner's claims. *Counsel's ability to frame the issues in a legally meaningful fashion insures the trial court that all relevant considerations will be brought to its attention.* As recognized by the American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Post-Conviction Remedies § 4.4, at 66 (1967): 'It is a waste of valuable judicial manpower and an inefficient method of seriously treating the substantive merits of applications for post-conviction relief to proceed without counsel for the applicants who have filed pro se.... Exploration of the legal grounds for complaint, investigation of the underlying facts, and more articulate statements of claims are functions of an advocate that are inappropriate for a judge, or his staff.' (Emphasis added by the Court in *Watlington*).

See also, *Commonwealth v. Sangricco*, 490 Pa. 126, 415 A.2d 65 (1980); *Commonwealth v. Scott*, 469 Pa. 381, 366 A.2d 225 (1975); *Commonwealth v. Fiero*, 462 Pa. 409, 341 A.2d 448 (1975).

 Furthermore, we find that the lower court was in error in its implicit conclusion that all of the issues raised by appellant in this, his second PCHA petition, were either litigated or waived by the disposition of the previous PCHA petition. It is settled law that a theory of waiver or final litigation cannot be predicated upon an uncounseled proceeding. *Commonwealth v. Sangricco, supra; Commonwealth v. Fiero, supra; Commonwealth v. Minnick*, 436 Pa. 42, 258 A.2d 515 (1969).

Accordingly, appellant's case must be remanded for appointment of counsel to represent appellant in the presentation of his PCHA petition.

Reversed and remanded for appointment of counsel. Jurisdiction of this Court is not retained.