J-S22039-15

## NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
KEVIN WILLIAM KISELYK, :
:
Appellant : No. 1863 WDA 2014

Appeal from the PCRA Order Entered October 8, 2014
in the Court of Common Pleas of Potter County,
Criminal Division, at No(s): CP-53-CR-000059-2010

BEFORE:    PANELLA, LAZARUS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED MAY 22, 2015**

Kevin William Kiselyk (Appellant) appeals from the October 8, 2014 order which dismissed his petition deemed to have been filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We vacate the order and remand with instructions.

In December, 2010, Appellant was convicted by a jury of receiving stolen property and possession of a firearm by one prohibited.  On March 16, 2011, he was sentenced to an aggregate term of 91 to 182 months of incarceration.  Appellant filed no direct appeal, but as a result of a PCRA petition, his direct appeal rights were reinstated.  This Court affirmed Appellant's judgment of sentence, and our Supreme Court denied his petition for allowance of appeal on June 16, 2014.  ***Commonwealth v.***

_____

*Retired Senior Judge assigned to the Superior Court.

***Kiselyk***, 91 A.3d 1296 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 94 A.3d 1008 (Pa. 2014).

On August 14, 2014, Appellant filed, *pro se*, a petition for writ of *habeas corpus*,[1] in which he raised challenges to, *inter alia*, the legality of his sentence and the collection of costs, fines, fees, and restitution. Petition for Writ of *Habeas Corpus*, 8/14/2014, at 14-16. Thereafter, the PCRA court entered an order appointing counsel to represent Appellant and to amend the petition "as necessary." Order, 8/27/2014. On September 30, 2014, the PCRA court entered an order dismissing Appellant's petition. However, two days later, it filed a notice indicating that the petition would henceforth be treated as a PCRA petition, and that it intended to dismiss the petition without a hearing after 20 days. Notice, 10/2/2014, at 1.[2] Counsel for Appellant filed a response, reiterating alleged errors on Appellant's sentencing form and in the recording of Appellant's sentence. Petition for Reconsideration of Denial of PCRA Petition, 10/28/2014, at 1.

On October 29, 2014, the PCRA court entered an order dismissing Appellant's petition. Appellant timely filed a notice of appeal. The PCRA court ordered Appellant to file a statement of errors complained of on

---

[1] Although Appellant in his petition claimed to be filing for a writ of *habeas corpus* pursuant to 42 Pa.C.S. § 6502, he instead quoted the jurisdiction and proceedings section of the PCRA. Petition for Writ of *Habeas Corpus*, 8/14/2014, at 5 (quoting 42 Pa.C.S. § 9545).

[2] A "Notice and Order" with the same provisions was filed on October 8, 2014.

appeal. Appellant timely complied by filing a counselled statement which, (1) although Appellant was convicted after a jury trial, inexplicably indicated that Appellant "was promised a different plea and sentence[] as opposed to the sentence the court imposed"; (2) noted that Appellant's sentence was in the standard range; and (3) somehow reached the following conclusion: "Therefore, the only argument the Appellant would remain [*sic*] on appeal is the discretionary aspects of sentencing." 1925(b) Statement, 12/5/2014. Although the issue stated in the 1925(b) statement is in no way related to the issues addressed in the PCRA court's Rule 907 Notice, the PCRA court filed an opinion indicating that the reasoning for its dismissal can be found in its October 8, 2014 notice of intent to dismiss.

On appeal, Appellant's counsel states the following question for our review:

> Should the Superior Court reverse and remand the Potter County Trial Court of Common Pleas and find the trial court erred as a matter of fact and law when it:
>
> a. Dismissed the Appellant's second PCRA petition and failed to permit a hearing on the [Appellant's] *habeas corpus* motion later converted to the Appellant's second PCRA petition without a formal hearing?

Appellant's Brief at 9.

The argument section of Appellant's brief is based upon ***Commonwealth v. Karanicolas***, 836 A.2d 940 (Pa. Super. 2003). That

- 3 -

case, although it has nothing to do with the issue stated in Appellant's 1925(b) statement, is factually similar to the instant case. In **Karanicolas**, as in the instant case, Karanicolas' first PCRA action resulted in the reinstatement of his direct appeal rights. After Karanicolas' judgment of sentence was affirmed by this Court during the *nunc pro tunc* direct appeal, he filed another PCRA petition. Counsel was appointed, but the petition was dismissed. On appeal, counsel for Karanicolas sought to withdraw on the basis that the untimeliness of the underlying PCRA petition rendered the appeal frivolous. This Court noted that, "[w]hen a petitioner is granted a direct appeal *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition is considered a first PCRA petition for timeliness purposes." **Id.** at 944 (citing **Commonwealth v. Lewis**, 718 A.2d 1262 (Pa. Super. 1998)). Applying the appropriate date for calculating when Karanicolas' judgment of sentence became final, it was clear that the instant, first PCRA petition was timely filed.

Counsel's basis for concluding that Karanicolas' appeal was frivolous was thus invalid.

> Here, appellate counsel's petition for leave to withdraw was based solely on counsel's mistaken conclusion that Appellant's current PCRA petition was untimely filed. Consequently, counsel failed to explain why the remainder of Appellant's issues lacked merit, in compliance with [**Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)]. Although counsel did address Appellant's issues in his

"*Anders*" brief, counsel's cursory analysis was obviously tainted by his misconception that Appellant's PCRA petition was untimely. Appellate counsel's petition to withdraw was a half-hearted amalgam of the *Turner*/*Finley* and *Anders* [*v. California*, 386 U.S. 738 (1967),] requirements, which ultimately succeeded neither in advancing Appellant's claims nor certifying their lack of merit. Under these circumstances, we conclude that the record provides little or no evidence to demonstrate meaningful participation by appellate counsel. Thus, Appellant's appeal from the disposition of his first PCRA petition was for all practical purposes uncounseled, depriving Appellant of the opportunity of legally trained counsel to advance his position in acceptable legal terms on appeal.

*Id.* at 947 (citations, quotation marks, and footnote omitted). Accordingly, this Court remanded the case for the appointment of new counsel, instructing that "[n]ewly appointed counsel may either proceed to develop and advocate meritorious claims or seek to withdraw." *Id.* at 948.

Rule 904 of the Rules of Criminal Procedure requires the appointment of counsel for an indigent petitioner on his or her first PCRA petition. Pa.R.Crim.P. 904(C). "Clearly this rule is not limited to the mere naming of an attorney to represent an accused, but also envisions that counsel so appointed shall have the opportunity and in fact discharge the responsibilities required by his representation." *Commonwealth v. Fiero*, 341 A.2d 448, 450 (Pa. 1975) (vacating the order dismissing Fiero's petition and ordering the appointment of counsel to file an amended petition where the record was "devoid of any evidence of meaningful participation by counsel"). *See also Commonwealth v. Carrier*, 431 A.2d 271, 274 (Pa.

1981) ("[F]inding no evidence of meaningful participation by counsel, we must conclude that the proceedings were, for all practical purposes, uncounseled...."); *Commonwealth v. Sangricco*, 415 A.2d 65, 68-69 (Pa. 1980) ("Appointed counsel here, as in *Fiero*, not only failed to amend appellant's new *pro se* petition but also failed either to argue or to brief appellant's second set of claims.  Appellant thus was uncounselled at the time the PCHA court summarily dismissed his second *pro se* petition."); *Commonwealth v. Ollie*, 450 A.2d 1026, 1028 (Pa. Super. 1982) ("When appointed counsel fails to amend an inarticulately drafted *pro se* [] petition, or fails otherwise to participate meaningfully, this court will conclude that the proceedings were, for all practical purposes, uncounseled...." (citations and internal quotation marks omitted)).

As in these cases,[3] we conclude that the PCRA petition at issue was uncounselled for all practical purposes.  Although counsel was appointed and ordered to amend Appellant's petition: no amended petition was filed; the counselled 1925(b) statement neither bears any relation to the prior proceedings nor any issue properly the subject of a PCRA petition; and the appellate brief presents no argument on any issue previously raised.

---

[3] We recognize that many of these cases predate the PCRA.  However, *Karanicolas*, which undergoes a similar analysis, does not.  Accordingly, the cited cases are applicable.

Appellant thus has been denied "legally trained counsel to advance his position in acceptable legal terms." **_Karanicolas_**, 836 A.2d at 947.

Accordingly, we vacate the order which dismissed Appellant's PCRA petition and remand for the appointment of new counsel to provide the representation to which Appellant is entitled under Pa.R.Crim.P. 904(C), beginning with the filing of an amended PCRA petition or a no-merit letter which satisfies all of the requirements of **_Turner_** and **_Finley_**.

Order vacated.  Case remanded with instructions.


Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: 5/22/2015