J. S42041/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| COREY WILLIS FERGUSON, | : | No. 1966 MDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, November 28, 2016,
in the Court of Common Pleas of York County
Criminal Division at No. CP-67-CR-0006179-2014

BEFORE:  OLSON, J., MOULTON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED AUGUST 07, 2017**

Corey Willis Ferguson appeals, ***pro se***, from the order of November 28, 2016, denying his PCRA[1] petition.  We vacate and remand for appointment of new counsel.

The PCRA court has summarized the procedural history of this matter as follows:

> On July 7, 2015, Appellant pled guilty to Count 1 Fleeing or Attempting to Elude an Officer[2] and to Count 10 Driving while Operating Privilege Suspended or Revoked.[3]  On Count 1, the Appellant was sentenced to a minimum of 11 months and 15 days to a maximum of 23 months['] imprisonment.  On Count 10, Appellant was

---

[1] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

[2] 75 Pa.C.S.A. § 3733(a).

[3] 75 Pa.C.S.A. § 1543(a).

> sentenced on September 29, 2015 to a minimum of 6 months to a maximum 6 months['] imprisonment. The counts were to run consecutive for an aggregate total of 17½ months to 23 months. A motion for reconsideration of sentence was filed on October 5, 2015, which was cancelled and then later re-filed on May 26, 2016. Following a hearing, this Court denied the motion. A [PCRA] Petition was filed on July 18, 2016, which was denied on November 28, 2016. Appellant filed the notice of appeal on December 2, 2016. On December 22, 2016, the Appellant filed the Statement of Matters Complained of on Appeal.

PCRA court opinion, 4/7/17 at 1-2.

The record reflects that on July 18, 2016, appellant filed a timely *pro se* PCRA petition, his first. Therein, appellant alleged that trial counsel, William H. Graff, Esq., was ineffective for failing to file a pre-trial suppression motion and in connection with the entry of an invalid and involuntary plea. Appellant requested appointment of PCRA counsel.

On July 26, 2016, George H. Margetas, Esq., was appointed to represent appellant in the PCRA proceedings. Attorney Margetas did not file a counseled amended petition on appellant's behalf. On November 7, 2016, an order was entered granting appellant *in forma pauperis* status and scheduling a PCRA hearing for November 28, 2016. In addition, the November 7 order specifically directed PCRA counsel to file either an amended petition or a petition to withdraw and *Turner*/*Finley* "no merit" letter:

> Appointed counsel is directed to review the record and the *pro se* Motion filed by [appellant] and,

> WITHIN 30 DAYS of the date of this Order, file an Amended Motion for Post-Conviction Collateral Relief that specifically sets forth the grounds for relief and specific averments of fact in support thereof, or a **Finley** Letter, if appropriate. **See** Pa.R.Crim.P. 902(A)(11) and 902(A)(12).

Order, 11/7/16 at 2 (capitalization in original; some emphasis added).

Attorney Margetas did not file an amended petition for appellant, nor did he file a petition to withdraw accompanied by a **Turner**/**Finley**[4] no-merit letter explaining why the issues appellant wished to raise were frivolous. An evidentiary hearing was held on November 28, 2016, at which both appellant and trial counsel testified. Appellant was still represented by Attorney Margetas at this point. Prior to calling appellant to the stand, Attorney Margetas informed the court that he did not believe appellant's petition had any merit: "He is saying that Mr. Graff was ineffective because he failed to file a suppression motion, which I will note for the Court in my review of it I also do not see any merit in that claim, but Mr. Ferguson wants to pursue it." (Notes of testimony, 11/28/16 at 2.) Attorney Margetas also opined that Attorney Graff had reasons not to file a suppression motion. (**Id.** at 4.) Appellant protested that Attorney Margetas was not providing effective representation but was cut off by the PCRA court:

> THE COURT: He's been appointed to represent you, sir.

---

[4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (**en banc**).

[APPELLANT]: Okay, but he is not doing what I asked him to do. He hasn't came [sic] and see [sic] me.

THE COURT: He is an attorney, you are not, and he is doing what an attorney does. I don't know what you have asked him to do, but if you asked him to jump out the window, he is not going to.

[APPELLANT]: I asked him to do something. He is telling me it doesn't have merit.

THE COURT: Sir, do you want to have this hearing?

[APPELLANT]: Yes, I do.

THE COURT: Or do you want me to send you back downstairs?

[APPELLANT]: I'm trying --

THE COURT: No, you are interrupting everything. I will explain how this works. He is required by the rules if he believes as an attorney to tell the Court that he thinks there's no merit to your case. He is telling me that as an attorney he thinks there is no merit to your case. The real person that decides if there is merit to your case is who?

[APPELLANT]: You.

THE COURT: Got it. Now, you want to have your hearing. He is saying my client still wants to have this hearing. So he is advancing your cause as you have requested, correct?

[APPELLANT]: Okay. Yes, he is.

THE COURT: All right. So knock it off. Let's have the hearing.

Notes of testimony, 11/28/16 at 2-4.

Following the testimony, the PCRA court denied appellant's petition and granted Attorney Margetas permission to withdraw, despite the fact that Attorney Margetas had not formally petitioned to withdraw and did not comply with the dictates of **Turner**/**Finley** and their progeny. (**Id.** at 44-45.)

Thereafter, appellant filed an amended **pro se** PCRA petition on November 29, 2016, followed by a **pro se** notice of appeal on December 2, 2016. Appellant was ordered to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b), and timely complied by filing a **pro se** Rule 1925(b) statement on December 22, 2016. On April 7, 2017, the PCRA court issued a Rule 1925(a) opinion.

In his **pro se** brief on appeal, appellant challenges the legality of his sentence. Appellant argues that his flat six-month sentence for driving under suspension violated Section 9756 of the Sentencing Code which provides that in imposing total confinement, the trial court shall specify a maximum period, as well as a minimum sentence that does not exceed one-half of the maximum. 42 Pa.C.S.A. § 9756(a), (b)(1); **see Commonwealth v. Postie**, 110 A.3d 1034, 1044 (Pa.Super. 2015) (defendant's flat four-month sentence for summary offense of driving while operating privilege is suspended or revoked was illegal). The PCRA court acknowledged that appellant's sentence was illegal and on April 5, 2017, issued an order modifying appellant's sentence on Count 10, driving under a

suspended license, to three to six months' incarceration. (PCRA court opinion, 4/7/17, Exhibit 1.)

The Commonwealth claims that any other issues raised in appellant's **pro se** Rule 1925(b) statement are waived, with the exception of the validity of appellant's guilty plea, because they were not raised in his **pro se** PCRA petition and/or not argued in his **pro se** brief on appeal. This position is simply untenable because appellant was not afforded his right to effective representation on a first PCRA petition.

> Defendants have a general rule-based right to the assistance of counsel for their first PCRA Petition. Pa.R.Crim.P. 904(C); **Commonwealth v. Robinson**, 970 A.2d 455, 457 (Pa.Super. 2009) (**en banc**) (stating, "a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process[]"). "The indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims, even where those claims were previously addressed on direct appeal, so long as the petition in question is his first." **Commonwealth v. Powell**, 787 A.2d 1017, 1019 (Pa.Super. 2001) (citation omitted). "Moreover, once counsel is appointed, he [or she] must take affirmative steps to discharge his [or her] duties." **Id.**

> When appointed, counsel's duty is to either (1) amend the petitioner's **pro se** Petition and present the petitioner's claims in acceptable legal terms, or (2) certify that the claims lack merit by complying with the mandates of **Turner/Finley**. "If appointed counsel fails to take either of these steps, our courts have not hesitated to find that the petition was effectively uncounseled." **Powell**, 787 A.2d at 1019 (citation omitted).

**Commonwealth v. Cherry**, 155 A.3d 1080, 1082-1083 (Pa.Super. 2017) (footnote omitted).

> "Once appointment has been made, counsel may seek to withdraw, **after a thorough review of the record has been made**, where non-frivolous issues justifying the pursuit of post-conviction collateral relief are lacking." [**Commonwealth v. Kaufmann**, 592 A.2d 691, 698 (Pa.Super. 1991)] (emphasis added) [, (citing **Finley**, **supra** at 214),] ([stating] post-conviction counsel may seek to withdraw by filing "no-merit" letter detailing the nature and extent of his review, listing the issues raised by the petitioner, and explaining why petitioner's issues are meritless). Counsel may not, however, accept appointment, thereby engendering the reliance of both his client and the court, **without undertaking of record either to advance his client's claims or certify their lack of merit**.
>
> In addressing the petitioner's right to counsel under the precursor to the PCRA, we admonished that "[w]hen appointed counsel fails to amend an inarticulately drafted **pro se** [post conviction] petition, or fails otherwise to participate meaningfully, this court will conclude that the proceedings were, for all practical purposes, uncounseled and in violation of the representation requirement...." [**Commonwealth v. Ollie**, 304 Pa.Super. 505, 450 A.2d 1026, 1028 (Pa.Super. 1982)]; [(quoting **Commonwealth v. Sangricco**, 490 Pa. 126, 415 A.2d 65 (1980))] (internal quotation marks omitted). Both this Court and our Supreme Court have

> recognized that a post conviction petition is effectively uncounseled under a variety of circumstances whenever omissions of record demonstrate that counsel's inaction "deprived the petitioner 'the opportunity of legally trained counsel to advance his position in acceptable legal terms.'" **Sangricco**, **supra** at 133, 415 A.2d at 68 [(quoting **Commonwealth v. Fiero**, 462 Pa. 409, 413, 341 A.2d 448, 450 (1975)].
>
> [**Commonwealth v. Hampton**, 718 A.2d 1250, 1252-1254 (Pa.Super. 1998)] (emphasis added). "This right to representation exists 'throughout the post-conviction proceedings, including any appeal from disposition of the petition for post conviction relief.'" **Commonwealth v. Quail**, 729 A.2d 571, 573 (Pa.Super. 1999) (quoting Pa.R.Crim.P. 904(E)).

**Commonwealth v. Karanicolas**, 836 A.2d 940, 946-947 (Pa.Super. 2003) (emphasis in **Karanicolas**; most brackets in original; footnote omitted).

"The right to counsel on an indigent petitioner's first PCRA petition is not limited to the mere naming of an attorney. To have any meaning, the rule also requires appointed counsel to provide meaningful representation." **Commonwealth v. Perez**, 799 A.2d 848, 852 (Pa.Super. 2002), citing **Hampton**, **supra**.

> Therefore, where an appellant's right to representation has "been effectively denied by the action of court or counsel, the petitioner is entitled to a remand to the PCRA court for appointment of counsel to prosecute the PCRA petition. The remand serves to give the petitioner the benefit of competent counsel at each stage of post-conviction review."

**Id.**, quoting **Commonwealth v. Kenney**, 732 A.2d 1161, 1164 (Pa. 1999).

Here, as in **Cherry**, appointed PCRA counsel neither filed an amended PCRA petition on appellant's behalf, nor certified that appellant's claims lacked merit and sought leave to withdraw pursuant to **Turner**/**Finley**. **Cherry**, 155 A.3d at 1083. Appellant did not ask to proceed **pro se**, and the PCRA court did not hold a waiver-of-counsel hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). **Id.** Instead, Attorney Margetas basically sandbagged his client at the November 28, 2016 PCRA evidentiary hearing, asserting that appellant's claims were meritless despite never having actually petitioned to withdraw as counsel. (Notes of testimony, 11/28/16 at 2-4.) Appellant was effectively denied the assistance of counsel on his first PCRA petition.

For these reasons, it is necessary to vacate the order denying appellant's PCRA petition and remand for appointment of new counsel within 30 days. Appellant's new counsel shall be permitted to file an amended PCRA petition or a **Turner**/**Finley** letter.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2017

- 9 -