J-S55011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY DWAYNE SHIELDS | : | |
| | : | |
| Appellant | : | No. 143 WDA 2019 |

Appeal from the Order Entered May 30, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002210-2015

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:                **FILED NOVEMBER 14, 2019**

Anthony Dwayne Shields (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we vacate and remand for further proceedings.

On September 24, 2015, Appellant was charged with three counts each of possession of a controlled substance and contraband, and one count of possession of marijuana.[1]  Appellant's first trial resulted in a mistrial after the jury could not reach a verdict.  Appellant was retried and convicted of the aforementioned offenses.  The trial court sentenced Appellant to 99 to 198

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. § 5123(a), and 35 P.S. § 780-113(a)(31).

months of incarceration. Appellant filed a timely notice of appeal, and this Court affirmed his judgment of sentence. **Commonwealth v. Shields**, 837 WDA 2016 (Pa. Super. Apr. 10, 2017) (unpublished memorandum).

On November 8, 2017, Appellant filed a *pro se* PCRA petition. The PCRA court appointed William J. Hathaway, Esquire, as counsel for Appellant, and on January 16, 2018, Attorney Hathaway filed a "Supplement to Motion for Post Conviction Collateral Relief." On April 27, 2018, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Rule of Criminal Procedure 907. Attorney Hathaway did not file a response to the court's notice, and on May 30, 2018, the PCRA issued an order dismissing Appellant's petition.[2]

On August 3, 2018, Appellant filed a *pro se* notice of appeal from the order dismissing his PCRA petition. On August 13, 2018, the PCRA court ordered Appellant to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days. Appellant filed a *pro se* Rule 1925(b) statement on August 29, 2018, and the PCRA court issued its Rule 1925(a) opinion on September 4, 2018. On November 20, 2018, this Court *sua sponte* quashed Appellant's appeal as untimely.[3]

---

[2] On July 1, 2018, Appellant mailed a letter to Attorney Hathaway requesting verification that Attorney Hathaway filed a response to the PCRA court's Rule 907 notice. Correspondence, 11/1/18. The record reflects, and Attorney Hathaway concedes, that no response was ever filed. **Id.**

[3] It appears there may have been a delay in docketing this order in the trial court as the order does not appear on the docket until January 7, 2019.

On December 19, 2018, Appellant filed a second *pro se* PCRA petition, alleging ineffective assistance of PCRA counsel for failing to file a notice of appeal from the denial of Appellant's first PCRA petition. On December 27, 2018, the PCRA court granted Appellant's PCRA petition and reinstated his collateral appeal rights *nunc pro tunc*. Attorney Hathaway[4] filed a timely notice of appeal on January 25, 2019.

On February 13, 2019, Appellant, relevant to this appeal, filed the following *pro se* motion with the Superior Court:

> President Judge[:]
>
> Sir, I filed my PCRA. Attorney Hathaway was appointed, [a]gain. He, Mr. Hathaway[,] abandoned me on my first PCRA leaving me, a lay man, no choice but to file an [sic] hybrid appeal to this Superior Court Doc # 1125 WDA 2018.
>
> **My concern is that Att. Hathaway never meaningfully Amended my PCRA for the [PCRA court] to reach the merits of my claims.** Could your Court please remand my case back down to the Erie County for further proceedings so I can experience [e]ffective assistance of counsel[?] I have merit, but I am a lay man who is learning as [I] go and that is not enough.
>
> Please and Thank you.
>
> [Appellant]

_____

[4] As noted, Attorney Hathaway was appointed to represent Appellant after Appellant filed his first *pro se* PCRA petition. Attorney Hathaway failed to file a notice of appeal on Appellant's behalf, and consequently, the court reinstated Appellant's appeal rights *nunc pro tunc*. After Appellant filed his second *pro se* PCRA petition, the PCRA court reappointed Attorney Hathaway to file a notice of appeal *nunc pro tunc*.

Application for Remand, 2/13/19 (emphasis added).

On February 19, 2019, this Court entered an order remanding the case for a **Grazier**[5] hearing. On March 25, 2019, the PCRA court held a **Grazier** hearing, "during which Appellant stated he did not wish to proceed *pro se* and he wished to continue to be represented by counsel." PCRA Court Opinion, 6/7/19, at 2. Accordingly, the PCRA court ordered Attorney Hathaway's continued representation of Appellant.

On August 22, 2019, Attorney Hathaway filed an appellate brief on behalf of Appellant, identifying the following six issues for our review:

1. Whether the trial [c]ourt denied the Petitioner his constitutional right to represent himself without legal basis or justification?

2. Whether counsel was ineffective in failing to strike or request the removal of a juror [Karen Beebe] who engaged in communication with a prosecution witness?

3. Whether the trial was tainted given this juror misconduct?

4. Whether counsel was ineffective in failing to object to or move for a mistrial based upon the Commonwealth's prejudicial reference to the Defendant's parole and incarcerated status?

5. Whether counsel was ineffective in failing to object to the Commonwealth trying Defendant for several unrelated offenses at trial?

6. Whether counsel was ineffective in failing to object to or move for a mistrial based upon the Commonwealth's expression of his personal opinion in regard to the Defendant's guilty and credibility?

Appellant's Brief at 2.

---

[5] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014).

Petitioners have a general rule-based right to the assistance of counsel for their first PCRA petition. Pa.R.Crim.P. 904(C); **Commonwealth v. Robinson**, 970 A.2d 455, 457 (Pa. Super. 2009) (*en banc*) (stating, "a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process [ ]"). "The indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims, even where those claims were previously addressed on direct appeal, so long as the petition in question is his first." **Commonwealth v. Powell**, 787 A.2d 1017, 1019 (Pa. Super. 2001). "Moreover, once counsel is appointed, he [or she] must take affirmative steps to discharge his [or her] duties." **Id.**

When appointed, counsel's duty is to either (1) amend the petitioner's *pro se* petition and present the petitioner's claims in acceptable legal terms, or (2) certify that the claims lack merit by complying with the mandates of **Turner/Finley**.[6] "If appointed counsel fails to take either of these steps, our courts have not hesitated to find that the petition was effectively uncounseled." **Powell**, 787 A.2d at 1019.

---

[6] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

The right to counsel on an indigent petitioner's first PCRA petition is not limited to the mere naming of an attorney. **Commonwealth v. Hampton**, 718 A.2d 1250 (Pa. Super. 1998). To have any meaning, the rule also requires appointed counsel to provide meaningful representation. **Id.** This Court has stated:

> "[W]hen appointed counsel fails to amend an inarticulately drafted *pro se* [post-conviction] petition, **or fails otherwise to participate meaningfully**, this [C]ourt will conclude that the proceedings were, for all practical purposes, uncounseled and in violation of the representation requirement. . . ." [**Commonwealth v.**] **Ollie**, 450 A.2d [1026,] 1028 [(Pa. Super. 1982)] [(]quoting **Commonwealth v. Sangricco**, 490 Pa. 126, 415 A.2d 65 (1980)[)] (internal quotation marks omitted). Both this Court and our Supreme Court have recognized that a post-conviction petition is effectively uncounseled under a variety of circumstances whenever omissions of record demonstrate that counsel's inaction "deprived the petitioner 'the opportunity of legally trained counsel to advance his position in acceptable legal terms.'" **Sangricco**, at 133, 415 A.2d at 68, quoting [**Commonwealth v.**] **Fiero**, [ ] 341 A.2d [448,] 450 [(Pa. 1975)].
>
> \* \* \*
>
> Though the foregoing decisions predate adoption of the Post Conviction Relief Act and current Rules of Criminal Procedure 1504 and 1507, this Court has held more recently that "one constant remains as a holdover, from the prior law: an indigent defendant shall be availed the opportunity to secure the appointment of counsel to aid in the perfection of his first petition seeking post-conviction collateral relief." [**Commonwealth v.**] **Kaufmann**, 592 A.2d [691,] 698 [(Pa. Super. 1991)]. We find also that, as under our prior law, "[t]his rule is not limited to mere naming of an attorney to represent an accused, but also envisions that counsel so appointed shall have the opportunity and in fact discharge the responsibilities required by his representation." **Fiero**, 341 A.2d at 450. Accordingly, **where, as under our prior case law, the record fails to demonstrate meaningful participation by counsel** appointed to represent an indigent

petitioner filing his first petition, we will remand for appointment of new counsel.

*Hampton*, 718 A.2d at 1253-54 (some emphasis original, some emphasis added). Therefore, where an appellant's right to representation has "been effectively denied by the action of court or counsel, the petitioner is entitled to a remand to the PCRA court for appointment of counsel to prosecute the PCRA petition. The remand serves to give the petitioner the benefit of competent counsel at each stage of post-conviction review." *Commonwealth v. Kenney*, 732 A.2d 1161, 1164 (Pa. 1999).

In this case, the PCRA court found that Attorney Hathaway provided ineffective assistance when he failed to file a notice of appeal on behalf of Appellant following the denial of Appellant's first PCRA petition. Despite that finding, the PCRA court reappointed Attorney Hathaway to represent Appellant.

Appellant once again challenged Attorney Hathaway's effectiveness as PCRA counsel, asserting that Attorney Hathaway failed to meaningfully amend Appellant's PCRA petition beyond what was averred in Appellant's *pro se* filing. Our review of the certified record reveals that the "Supplement to Motion for Post Conviction Relief" filed by Attorney Hathaway is deficient. For example, in his first paragraph, Attorney Hathaway states:

> The Petitioner has instructed counsel that **he does not want any changes made to his *pro se* PCRA Petitions** and the claims enumerated therein and said claims are to be submitted to the Court as is. Therefore, counsel respectfully submits the *pro se* pleading of the Petitioner in support of his prayer for collateral

> relief in the nature of the provision of a new trial or the entry of an arrest of judgment.

Supplement to Motion for Post Conviction Relief, 1/16/18 (emphasis added). Yet, in the following paragraph, Attorney Hathaway contradicts the prior paragraph, stating: "The Petitioner **does seek to amend his claims** to include two additional claims. . . ." *Id.* (emphasis added).

Moreover, our review of Appellant's appellate brief reveals numerous errors and omissions in violation of the Rules of Appellate Procedure; these errors are significant in that they provide this Court with no basis upon which to review Appellant's claims. ***Commonwealth v. Hakala***, 900 A.2d 404, 406 (Pa. Super. 2006). As stated above, Appellant presents six questions for our review. *See* Appellant's Brief at 2. However, Appellant's argument section fails to provide support for **any** of his six issues. For example, the entire argument relative to Appellant's first issue reads: "The trial Court denied the Petitioner his constitutional right to represent himself without legal basis or justification. The appellant had the absolute right to self-representation at time of trial, which the trial Court rejected and compelled him to proceed with court-appointed counsel." *Id.* at 4. This issue is unreviewable for two reasons. First, this argument fails to include any pertinent discussion of the issue, including citations to legal authority or the record. *See* Pa.R.A.P. 2119(a) (requiring that an appellant develop an argument with citation to and analysis of relevant legal authority). Second, Attorney Hathaway failed to request transcription of the ***Grazier*** hearing. Our law is unequivocal that the responsibility rests on the appellant to ensure that the record certified on

appeal is complete in the sense that it contain all of the material necessary for the reviewing court to perform its duty. ***Commonwealth v. Kleinicke***, 895 A.2d 562, 575 (Pa. Super. 2006) (*en banc*). The Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal. Pa.R.A.P. 1911(a). When the appellant fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcripts must be deemed waived for the purposes of appellate review. ***Commonwealth v. Williams***, 715 A.2d 1101, 1105 (Pa. 1998).

In another example, relative to issue three – "whether the trial was tainted given juror misconduct" – Attorney Hathaway abandoned this issue on appeal by failing to brief the issue. ***See*** Appellant's Brief at 4-7; ***see also Gurley v. Janssen Pharmaceuticals, Inc.***, 113 A.3d 283, 288 n.11 (Pa. Super. 2015) (issue is waived for purposes of appellate review when an appellant does not develop it in brief). The Pennsylvania Supreme Court has long held that it is not this Court's obligation to formulate arguments on behalf of an appellant. ***Commonwealth v. Wright***, 961 A.2d 119, 135 (Pa. 2008); ***see also Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) (stating "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived"); ***Commonwealth v. Clayton***, 816 A.2d 217, 221 (Pa. 2002) ("[I]t is a well-

settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal.").

In sum, because Appellant did not waive his right to representation by counsel and PCRA counsel failed to meaningfully represent Appellant on the merits of Appellant's PCRA petition, we vacate the PCRA court's order dismissing Appellant's petition and remand to the PCRA court for appointment of new PCRA counsel.[7] Upon remand, we direct the PCRA court to withhold compensation from Attorney Hathaway for representation in this case. The PCRA court is directed to appoint Appellant new counsel within 15 days of the date of this memorandum. Following his or her appointment, new counsel shall be permitted to file an amended PCRA petition, or, if counsel concludes in the exercise of his or her professional judgment that the issues raised in the PCRA proceeding are without merit, counsel may file an adequate no-merit letter that addresses all of the issues raised in Appellant's *pro se* PCRA petition and move to withdraw.

Order vacated. Case remanded with instructions relative to the appointment of new PCRA counsel. Jurisdiction relinquished.

---

[7] We note this Court's recent findings of Attorney Hathaway's ineffective assistance in the following unrelated appeals: Nos. 116 & 118 WDA 2019 (*per se* ineffectiveness, all issues waived), and No. 216 WDA 2019 (*per se* ineffectiveness, all issues waived).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/14/2019