J-S71031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ULYSSES S. DIAZ | |
| Appellant | No. 705 WDA 2015 |

Appeal from the PCRA Order April 13, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000652-2010

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 23, 2015**

Ulysses S. Diaz appeals *pro se* from the order entered on April 13, 2015, in the Court of Common Pleas of Erie County, that dismissed as untimely his petition filed pursuant to the Pennsylvania Post-Conviction Relief Act.[1]   Diaz contends the petition is timely and raises meritorious issues.  Based upon the following, we vacate and remand for appointment of counsel.

On September 16, 2010, Diaz was convicted by a jury of two counts of attempted robbery, one count each of recklessly endangering another person, terroristic threats, firearms not to be carried without a license, and

_____

[1] 42 Pa.C.S. §§ 9541–9546.

loitering and prowling at nighttime.[2]  On November 12, 2010, the trial court sentenced Diaz to an aggregate term of seven to 14 years' imprisonment. On appeal, this Court affirmed the judgment of sentence.  **Commonwealth v. Diaz**, 37 A.3d 1233 [1864 WDA 2010] (Pa. Super. 2011) (unpublished memorandum).

On July 16, 2012, and September 21, 2012, Diaz filed *pro se* PCRA petitions, which the PCRA court consolidated on September 26, 2012. Counsel was appointed, and a supplemental PCRA petition was filed on behalf of Diaz.  On April 24, 2013, following a hearing, the PCRA court granted Diaz the right to file a petition for allowance of appeal *nunc pro tunc* and dismissed all other claims.  On May 23, 2013, Diaz filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on September 17, 2013.  **Commonwealth v. Diaz**, 74 A.3d 1029 (Pa. 2013).

On January 6, 2015, the present PCRA petition was entered on the docket.[3]  On March 3, 2015, the PCRA court issued Pa.R.Crim.P. 907 notice

_____

[2] 18 Pa.C.S. §§ 3701(a)(1)(ii) and 901(a), 2705, 2706(a)(1), 6106(a)(1), and 5506, respectively.

[3] The petition is time-stamped January 6, 2015.  The PCRA court, in its Rule 907 notice, states that the envelope in which the petition was mailed bears a postmark of January 2, 2015, and under the "prisoner mailbox rule," January 2, 2015, is considered the filing date of the petition.  **See** PCRA Court's Notice of Intent to Dismiss Pursuant to Pa.R.Crim.P. 907, 3/3/2015, at 5, *citing* **Commonwealth v. Plummer**, 798 A.2d 777, 778 (Pa. Super.
*(Footnote Continued Next Page)*

of intent to dismiss, explaining the PCRA petition was untimely. Diaz filed objections to the Rule 907 notice on March 24, 2015. Thereafter, on April 13, 2015, the court dismissed the PCRA petition. This *pro se* appeal timely followed.

As a prefatory matter, we consider whether Diaz was entitled to the appointment of counsel.

The Pennsylvania Supreme Court has stated that if a defendant has been denied the right to file a petition for allowance of appeal, on direct appeal, the PCRA provides for the reinstatement of that right under appropriate circumstances. ***Commonwealth v. Leibel***, 825 A.2d 630, 635–636 (Pa. 2003). "'It is now well[-]established that a PCRA petition brought after an appeal *nunc pro tunc* is considered [an] appellant's first PCRA petition[.]' Thus, [the a]ppellant was entitled to counsel ...." ***Commonwealth v. Figueroa***, 29 A.3d 1177, 1180–1181 (Pa. Super. 2011). Pennsylvania Rule of Criminal Procedure 904(C) provides, in pertinent part, that "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge **shall** appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief." Pa.R.Crim.P. 904(C) (emphasis added). Even if a PCRA petition appears untimely, a petitioner is

_____
*(Footnote Continued)* ─────────────────

2002); ***Commonwealth v. Jerman***, 762 A.2d 366, 368 (Pa. Super. 2000). We note the envelope does not appear in the certified record.

- 3 -

entitled to assistance of counsel on a first PCRA petition in order to determine whether any of the exceptions to the one-year time limitation apply. ***Commonwealth v. Smith***, 818 A.2d 494, 500–501 (Pa. 2003).

Here, the PCRA court considered the present petition as Diaz's second petition. However, because the prior petition resulted in the reinstatement of Diaz's right to pursue a petition for allowance of appeal, the present petition is deemed to be Diaz's first PCRA petition. ***See Figueroa, supra***. Therefore, we conclude Diaz is entitled to the appointment of counsel even though the petition appears untimely on its face. ***See*** Pa.R.Crim.P. 904(c); ***Smith, supra***.

Accordingly, we vacate the PCRA court's order and remand for the appointment of counsel pursuant to Rule 904(C).

Order vacated. Case remanded for appointment of counsel. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/23/2015</u>